## WARE EDDY *versus* HOLLIS BOND & *als.*

A bill or note payable to a person named, or bearer, is payable to the bearer; and one coming lawfully into possession of it, for valuable consideration, is not required to show any consideration between the maker and the person named.

The alteration of a note from "I promise," to "We promise," is not a material alteration, and does not avoid the note.

The addition of the name of the attesting witness to a note, unless done fraudulently, will not avoid the note.

An alteration of a note, not apparent on inspection, and made before any one as holder or payee had any legal claim upon it, and while it was in the hands of one of the promissors, must be presumed to have been made by their consent.

EXCEPTIONS from the District Court, ALLEN J. presiding.

This was an action of assumpsit on a promissory note dated April 6th, 1836, for the sum of one hundred and twenty dollars, payable to Gilbert Knowlton, or bearer, in one year from date, and signed by Ibrook E. Collins, James Austin, Daniel Collins and Hollis Bond. This note was signed by S. D. Collins as attesting witness. Bond and Austin pleaded the general issue. Daniel Collins was defaulted, and no service was made on Ibrook E. Collins.

The defendants called Gilbert Knowlton, who testified, that in April, 1836, Ibrook E. Collins applied to him for the sum of $100, which he agreed to loan on good security for $120 in one year — that Austin brought the note in suit, which he declined taking till he might inquire of Austin and Bond — that they told him on inquiry, not to take the note unless the plaintiff's name was to the note, and that it was agreed between the plaintiff and said Collins, that he was to secure the plaintiff by mortgage on real estate; that Collins called, and he informed him of the statements of Austin and Bond; to which said Collins replied that the note was good enough without — that at this time the note was written I promise to pay, &c., and there was no attesting witness to the signatures of the defendants; that witness asked Collins if it would not be necessary to sue him before he could call on the others, to which

said Collins replied that it would; that thereupon the witness declined having any thing more to do with the note — that Collins then immediately erased the 'I' in the said note, and inserted 'We,' saying that he had a right to do it — that Collins then agreed with witness to procure the name of the plaintiff upon the note, but not succeeding, the witness declined having any thing to do with the note.

Willard Howard, who was called by the defendants, testified that the plaintiff told him that the note was written for Austin, Bond, D. Collins, I. E. Collins and himself to sign; that Daniel and I. E. Collins, brought it to him to sign, after it had been signed by the other parties to it; but that he preferred to take the note and let them have the money, to signing it — and that he did. He further testified that the attesting witness was dead.

Upon this evidence, the defendants' counsel requested the Court to instruct the jury that if the testimony was believed, the note was void; that being payable to Gilbert Knowlton or bearer, unless some consideration passed between the payee and the makers, it could nòt be put in circulation by any other person, and become binding on them; but the Court did not give such instruction, but instructed the jury that if they believed that the note was originally made for Bond, Austin, I. E. Collins, D. Collins, and the plaintiff to sign, that said note was not to be used unless the plaintiff did sign it; and that this agreement was known to the plaintiff when he advanced the money to said D. & I. E. Collins on the note, and there was no subsequent consent by said Austin and Bond that the note might be used without the signature of the plaintiff thereto, that they would find a verdict for the defendants.

The counsel for the defendants requested the Court to instruct the jury that the alteration of the note from "I promise to pay," to "we promise to pay," was material, and avoided the note; but this the Court declined, and instructed them that the note was not, in that particular, altered materially.

They further requested the Court to instruct the jury, that the addition of the name of the subscribing witness was also a

material alteration; that as the note was proved not to have been witnessed at the time it was signed, that it was incumbent on the plaintiff to show that the attestation of the subscribing witness was duly made or placed there by the consent of the makers. The Court declined giving this instruction; but instructed the jury that the addition of the subscribing witness, without the knowledge or consent of the promissors, if done fraudulently, would render the note void; but that if the name of such witness was added before the note went into the plaintiff's possession, that the law would presume that such attestation was made with the knowledge and consent of the promissors; and that the burthen of proof was on the defendants to show that such alteration was made without their knowledge and consent.

The jury returned a verdict in favor of the plaintiff, and thereupon exceptions were filed by the counsel for the defendants, and allowed.

*J. A. Poor*, for the defendants. 1. This note could not legally be put in circulation by Collins. *Wheeler* v. *Guild*, 20 Pick. 545. The evidence shows that the plaintiff took the note with the knowledge of all the facts which impaired its validity; and having such notice, he cannot recover.

2. The alteration from "I promise," to "we promise," avoided the note. It changed it from a several to a joint note. The alteration is material, when the remedy to be pursued is changed by such alteration. Whether the liability of the party be enlarged or diminished by the alteration is immaterial. Chitty on Bills, 130; Bailey on Bills, 58; *Henfere* v. *Bromley*, 6 East, 312; *Stephens* v. *Graham*, 7 S. & R. 508.

Were the alteration made to conform to the contract of the parties, it might be supported, but such is not the case here. *Hervey* v. *Harvey*, 15 Maine R. 357; *Farmer* v. *Rand*, 16 Maine R. 453.

3. The addition of the signature of a subscribing witness is a material alteration. *Smith* v. *Dunham*, 8 Pick. 249.

4. The instruction that the burthen of proof was on the defendants, to show the alteration made without their knowledge

and consent, was erroneous. *Jackson* v. *Osborn*, 2 Wend. 555; *Prevost* v. *Gratz*, 1 Pet. C. C. R. 369 ; *Jackson* v. *Jacobs*, 9 Cow. 125; *Chesley* v. *Frost*, 1 N. H. R. 145; *Knight* v. *Clemens*, 35 Eng. Com. Law R. 377.

*A. G. Jewett*, for the plaintiff. It has been settled by the jury that the plaintiff is an innocent indorsee, taking the note before it was due, for a valuable consideration. If any fraud has been committed, it is that of one defendant on his co-defendants, to which the plaintiff was not a party and of which he was not conusant.

Even if the signature of the attesting witness was affixed by the request of the holder, if done in good faith, it does not avoid the note. *Smith* v. *Dunham*, 8 Pick. 246. The jury have here negatived all fraud. The presumption of law is, that it was done with the consent of all the defendants. 3 Stark. Ev. 1249 ; *Hunt* v. *Adams*, 6 Mass. R. 519. The alteration from I to we, was immaterial. *Bailey on Bills*, 44 ; *Hemenway* v. *Stowe*, 7 Mass. R. 58; *Nichols* v. *Johnson*, 10 Conn. R. 192.

The opinion of the Court was delivered by

SHEPLEY J. — The presiding Judge declined instructing the jury as requested, " that [the note] being payable to Gilbert Knowlton or bearer, unless some consideration passed between the payee and the makers, it could not be put in circulation by any other person and become binding on them."

A bill or note payable to a person named, or bearer, is payable to the bearer ; and one coming into possession of it for a valuable consideration, lawfully, is not required to shew any consideration between the maker and the person named. *Bullard* v. *Bell*, 1 Mason, 252; *Ellis* v. *Wheeler*, 3 Pick. 18; *Pierce* v. *Crafts*, 12 Johns. 90. And a compliance with that request was properly refused.

The note as originally drawn and signed, was made to read, I promise, and was altered to read We promise ; and the jury were correctly instructed, that the alteration was not material. As first drawn the signers were jointly and severally bound.

*Hemmenway* v. *Stone*, 7 Mass. R. 58. The alteration limited their liability to the holder ; and did not change their legal rights in relation to each other. It was not made by the holder, but by a party to the note before it was negotiated.

The attestation of a note by one, who was not present and did not see the maker sign, has been decided to be a material alteration. *Brackett* v. *Mountfort*, 2 Fairf. 115. The presiding Judge, on this point, instructed the jury, " that the addition of the subscribing witness without the knowledge or consent of the promissors, if done fraudulently, would render the note void ; but that if the name of such witness was added before the note went into the plaintiff's possession, the law would presume, that such alteration was made with the knowledge and consent of the defendants." Considering the testimony in the case, the use of the language, " before the note went into the plaintiff's possession," was equivalent to saying, before it was issued. And a note is not considered as issued before it comes to the hands of some one entitled to make a claim upon it. *Sherrington* v. *Jermyn*, 3 C. & P. 374. In *Henman* v. *Dickinson*, 5 Bing. 183, it was decided, " that where an alteration appears on the face of a bill, the party producing it must shew, that the alteration was made with consent of parties, or before the issuing of the bill." And in *Johnson* v. *the Duke of Marlborough*, 2 Stark. 313, where the date of the bill appeared on the face of it to have been altered by the acceptor, ABBOTT J. said that "he could not presume one way or the other, and unless it could be proved, that the alteration was prior to the acceptance, the bill was void for want of a new stamp." It was then proved, that the bill was in the possession of Wooddison, the drawer, after the acceptance, and this was held to be *prima facie* proof, that it had not been previously negotiated. In the case of the *Cumberland Bank* v. *Hall*, 1 Halstead, 215, it was held, that an alteration apparent on the face of a note was not to be presumed to have been made after its execution. It is not necessary to express any opinion on that question in this case. The cases of *Henman* v. *Dickinson*, and *Johnson* v. *the Duke of Marlborough*, are noticed

only for the purpose of shewing, that they proceed upon the principle, that where the alteration appears to have been made before the bill or note was issued, it is not presumed to be fraudulent, and does not destroy its validity. In the case of *Farmer* v. *Rand*, 14 Maine R. 225, and 16 Maine R. 453; the note had been negotiated, had passed out of the hands of the maker, and had been indorsed by the several parties before the alteration was made. And it was contended that after such proof, it was to be presumed that the alteration was made by consent, but it was decided otherwise. That was a case of an alteration not apparent by an inspection of the note. And so is the one now under consideration, and the testimony shews, that it was made before the note was negotiated although after it had been signed and offered for negotiation. An alteration not apparent on inspection, and which was made before any one as holder or payee had any legal claim upon it, and while it was in the hands of one of the promissors, must be presumed to have been made by their consent. The rule, that fraud or crime is not to be presumed, would apply in such a case.

*Exceptions overruled.*