EMIL LUDEKENS, ·as Receiver of THE NATIONAL UNITED BENEFIT SAVINGS AND LOAN COMPANY, Plaintiff, *v.* CHARLES PSCHERHOFER and Another, Defendants.

*Bond of indemnity — when the surety is relieved from liability by fraudulent concealment by the obligee — alteration of the affidavit of justification.*

The omission of the obligee to advise the surety upon a bond of indemnity of the refusal of another to go upon such bond as a surety, because he considered the obligor untrustworthy, is not of itself a defense to an action brought against such surety upon the bond.

*Semble,* that if the obligee had knowledge, or had been informed, that the obligor was dishonest, and for that reason untrustworthy, and had an opportunity to advise the proposed surety of such fact prior to the receipt and execution of the bond, and failed to do so, such obligee would be chargeable with fraudulent concealment which might be effectual to relieve the surety from liability as such upon the bond of indemnity.

A surety is prejudiced by the risk assumed by reason of the non-disclosure of the fact that the principal, for want of integrity, is not entitled to confidence in the relation which his surety as such is induced to assume to him; such concealment is deemed fraudulent, and everything short of that is insufficient to avoid the obligation of the surety.

An affidavit of justification, made by the surety and principal to a bond of indemnity, is no part of such bond, and an alteration made therein cannot be treated as a material, or as any, alteration of such bond.

MOTION by the plaintiff, Emil Ludekens, as receiver of The National United Benefit Savings and Loan Company, for a new trial on a

case containing exceptions, ordered to be heard at the General Term in the first instance, after a verdict in favor of the defendants rendered at the Monroe County Circuit on the 25th day of October, 1893.

*John H. Hopkins,* for the plaintiff.

*William E. Warner,* for the defendant Wagner.

BRADLEY, J.:

The defendant Pscherhofer was treasurer of The National United States Savings and Loan Company, and to secure to the company the performance of his duties as such treasurer, he, as principal, and the defendant Wagner, as surety, executed a bond on the 30th day of August, 1890, of that date. This action is upon such bond. Defendant Dora Wagner alleges that the officers of the defendant withheld from her knowledge which they had affecting the character for integrity of her principal in the bond to her prejudice, and that after she executed it material alterations were made in the instrument whereby it was as against her rendered void.

Pursuant to the order of the court, made when the action came on for trial, the question of fact for special finding of the jury was: "Is the bond set forth in the plaintiff's complaint valid as against the defendant Dora Wagner?" and all other questions of fact were to await the verdict upon that question.

The jury found for the defendant. No question is raised as to the regularity of the trial of that issue alone. It appeared that the principal in the bond had applied to the Fidelity company of the city of New York to become surety for him, and such company declined to do so, and expressed such declination by letter, which was produced and read in the presence of the board of directors of The National United States Savings and Loan Company on the evening prior to the execution of the bond in question. The letter was not produced at the trial. There was some evidence tending to prove that the Fidelity company declined to become surety for him because it did not consider him trustworthy. Whether the letter contained anything to that effect was upon the evidence a disputed question of fact. The omission to advise the defendant Wagner of the refusal of the Fidelity company to go upon the bond was not of itself any defense. But if the savings and loan company, through

its officers, had knowledge or had been informed that the treasurer was dishonest and for that reason untrustworthy, and having the opportunity to do so failed, before the bond was executed and received, to advise the surety of the fact it would be chargeable with fraudulent concealment, which might be effectual to relieve her from liability as such upon the bond. This rests upon the ground that the surety is prejudiced by the risk assumed by reason of the non-disclosure of the fact that the principal for want of integrity is not entitled to the confidence in the relation which his surety as such is induced to assume to him, which concealment is deemed fraudulent. Anything short of that is insufficient to avoid the obligation of the surety. (*Howe Machine Co.* v. *Farrington*, 82 N. Y. 121; *Atlantic & P. Tel. Co.* v. *Barnes*, 64 id. 385; *Farmers' N. Bank* v. *Van Slyke*, 49 Hun, 7.)

In the present case, as there was some evidence bearing upon that question, there was no error in submitting it to the jury.

The question of the weight of the evidence is not here for consideration. The further inquiry has relation to the charge that there was an alteration of the instrument after its execution.

It is not claimed that any change was made in the body of the bond itself, but that in the affidavit of justification made by both the principal and surety some erasures and insertions were made. The affidavit was one in which they both joined, and the evidence on the part of the defendant Wagner is to the effect that when executed it contained the statement that the principal was worth in property the sum of $10,000, and that it was afterwards altered by erasing the word "property" and inserting in place of it the word "business" and by striking out the figures "10" and inserting figure "5," making "$5,000" in place of "$10,000."

It is not seen how this can be treated as a material or any alteration of the bond. The affidavit was no part of it. The liability of the defendants or either of them upon the bond was made no less or greater or in any manner affected by it, as the obligation assumed was not in any sense dependent upon the affidavit of justification.

It seems that no rights, interests, duties or obligations of either of the makers of the bond were affected or changed by the alleged alteration, and it was, therefore, immaterial. (*People ex rel. Newell* v. *Muzzy*, 1 Den. 239; *Vogle* v. *Ripper*, 34 Ill. 100; 85 Am. Dec.

298; *Eddy* v. *Bond*, 19 Maine, 461; 36 Am. Dec. 767; *Inglish* v. *Breneman*, 5 Ark. 377; 41 Am. Dec. 96; *Smith* v. *Smith*, 1 R. I. 398; 53 Am. Dec. 652.)

Whether the defendant Wagner supposed when the affidavit was made that she was becoming surety for a principal worth $10,000 in property or $5,000 in business, did not concern the obligee any more than it affected the liability of the obligors or either of them. It may be that the subject of his responsibility, as represented by him in the affidavit, was considered by the surety.

If for any reason he afterwards altered it, the condition of his property or responsibility was not made any different by the alteration, nor was the surety by it prejudiced in the means available to her for indemnity.

These views lead to the conclusion that the exception was well taken to the submission of the question of the alteration to the jury, with instruction that, if they so found the fact, they might find a verdict for the defendant Wagner.

And for that reason the motion for a new trial should be granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Plaintiff's motion for a new trial granted, costs to abide event.