DAMON et al. v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. PRINCIPAL AND SURETY (§ 41*)—FRAUD—EFFECT.

The obligees in a bond given to secure them against damage on a contract were not bound by fraudulent representations made to the surety by the other party to the contract, without their knowledge or participation.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 78–81; Dec. Dig. § 41.*]

2. PRINCIPAL AND SURETY (§ 42*)—FRAUD—EFFECT.

The obligee, before accepting the bond of a surety, is bound to disclose facts within his knowledge, the concealment of which would amount to a suppressio veri, and, to defeat liability, the concealment thereof need not inure to the benefit of the obligee, if it operates to the prejudice of the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 86–90; Dec. Dig. § 42.*]

3. PRINCIPAL AND SURETY (§ 42*)—FRAUD—EFFECT.

Under an agreement between plaintiffs and the M. Co. relative to the manufacture of certain machinery, plaintiffs had delivered two notes, one of which had been discounted by the M. Co., and had gone into the hands of third parties and had not been paid at maturity. The company was in default under the contract. A written contract was executed in renewal of the previous agreement, but not mentioning it, which required the company to give a bond to secure plaintiffs against damage, and recited that "we accept" such two notes. A note was then given by plaintiffs, discounted by the company, and the proceeds paid to plaintiffs, who, after the giving of the surety bond, applied such proceeds on the overdue note mentioned. *Held*, that plaintiffs' failure to disclose that the contract was a renewal of a previous agreement, and the facts concerning the two notes which the surety was entitled to assume were accepted about the date of the written contract, was such a fraud as defeated the surety's liability.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 86–90; Dec. Dig. § 42.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by D. Everett Damon and others against the Empire State Surety Company. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Almet Reed Latson, of New York City (Evan L. Tamblyn, of New York City, on the brief), for appellants.

M. J. Wright, of New York City, for respondent.

CARR, J. This case was submitted on March 5, 1914, without oral argument. The action was brought to recover on a surety bond. It was tried in Kings county on February 10, 1910. The complaint was dismissed at the close of the plaintiffs' proofs. Judgment of dismissal was entered on February 16, 1910, notice of appeal filed March 16, 1910, the appeal papers perfected on April 1, 1910, and case ordered filed on May 13, 1910. It comes now before us for consideration for the first time four years after the appeal was taken, and is then submitted without oral argument. The bond on which the action was brought is set forth in the record in ipsissimis verbis. This bond was given to secure the plaintiffs against damage on a written contract, forming a part of the bond, between the Nichols & Langworthy Machine Company and the plaintiffs. The proofs taken were very short, and consisted of the testimony of but one witness, one of the plaintiffs. The defendant rested upon its cross-examination of this witness to establish its defense. In dismissing the complaint, the trial court rendered no opinion, oral or otherwise. The defense was fraud arising out of fraudulent concealments of material facts when the plaintiffs accepted the bond in question from the defendant.

[1, 2] The plaintiffs, prior to the acceptance of the bond, had no direct dealings with the defendant. It was the machine company that applied for the bond. The machine company was not the agent of the plaintiffs, and they are not bound by any fraudulent representations in which they did not participate or which were made without their knowledge. Western N. Y. Life Ins. Co. v. Clinton, 66 N. Y. 326; Ludekens v. Pscherhofer, 76 Hun, 548, 28 N. Y. Supp. 230; Howe Machine Co. v. Farrington, 82 N. Y. 121; Powers v. Clarke, 127 N. Y. 417, 28 N. E. 402. At the same time it is well recognized that the obligee, before accepting the bond of the surety, is called upon to make such disclosures of facts within his knowledge, of which the concealment would amount to a suppressio veri, and thereby become fraudulent, and it is not necessary that this concealment should inure to the benefit of the obligee, provided it operates to the prejudice of the surety. The most familiar example of this rule is to be found in cases where an employer, knowing of the prior dishonesty of an employé, but concealing that knowledge, accepts an indemnity of suretyship for the future good conduct of the employé. U. S. Life Ins. Co. v. Salmon, 91 Hun, 535, 36 N. Y. Supp. 830; Id., 157 N. Y. 682, 51 N. E. 1094; Dinsmore v. Tidball, 34 Ohio St. 411;

State v. Sooy, 39 N. J. Law, 135. This rule has a broader application than to mere employés or agents.

[3] The written contract between the plaintiffs and the machine company bore date May 28, 1909. It purported to speak of an agreement made as of said date. There was no expression in it to indicate that it was but a renewal agreement of a contract previously made and as to which there had been a default in performance by the machine company. It related to the manufacture and delivery of certain machinery. It recited as follows:

"In full payment of the above machines, we accept two notes, one of which is dated January 20, 1909, amount $1,156.25, which will be due on July 20, 1909. The second note is dated May 28, 1909, amount $1,156.25, due August 28, 1909."

This contract bore an indorsement of acceptance by the plaintiff. The defendant surety company was entitled to assume that a contract was made on May 28, 1909, and two notes then delivered by the plaintiff, the proceeds of which, by sale or discount, would be available to the machine company to enable it to perform. It appears from the testimony of the plaintiffs' only witness that this agreement of May 28th was but an extension of a prior agreement made in the preceding January, and as to which the machine company was in the complete default. The agreement of May refers to two notes which "we accept." The word "accept" is used in the present tense, and the defendant surety company was entitled to assume that these two notes were accepted on or about the date of the May agreement. Under the agreement of January, the plaintiffs had delivered two notes, the first of which had been discounted by the machine company and had gone into the hands of third parties. The plaintiffs had neglected to pay this note at its maturity. The machine company was then in default under the January contract. After some negotiations, the paper dated May 28th was prepared. The plaintiffs insisted upon security from the machine company, and a provision to that effect was inserted in the latter paper. The plaintiffs did give a note, dated May 28, 1909, but they procured the machine company to have it discounted immediately, and they received back the proceeds of the discount, which they held until the surety bond was issued on June 8, 1909, whereupon they applied said proceeds to take up their unpaid note of January, 1909. The result of this manipulation was that, at the time the surety bond was issued, the machine company had no notes of the plaintiff to aid it in the performance required from it. The plaintiffs had practically but one note outstanding, as they had funds of the machine company, realized from the discount of the May note, which were received to take up the January note, which they did so take up the moment they received the defendant's bond. We think that their concealment of these circumstances was a suppressio veri and fraudulent. In the following July the machine company became bankrupt.

The judgment is affirmed, with costs. All concur, except BURR, J., taking no part.