## TATUM v. CALDWELL et al.

### No. 4051.

Court of Civil Appeals of Texas. Texarkana.
June 23, 1931.

Rehearing Denied June 25, 1931.

W. R. Abernathy and Wallace Hughston, both of McKinney, for appellant.

Clark, Harrell & Clark, Neyland & Neyland, Carpenter & Harris, and T. D. Starnes, all of Greenville, for appellees.

LEVY, J.

The suit was brought by the appellant against the receiver of the Commercial Na-

tional Bank of Greenville and the nine directors of the bank, seeking to recover the balance unpaid by the receiver on a certain interest-bearing certificate of deposit issued by the bank for $75,000, and the payment thereof guaranteed in writing by the directors, together with interest on a certain collateral agreement to pay additional interest.

The defendants H. T. Weathers, J. F. Bickley, W. A. Beasley, and R. N. White, each denying having signed the certificate of renewal of date December 31, 1924, pleaded, in rescission of the guaranty, facts concerning the alleged transactions of both March and December, 1924, constituting fraud and fraudulent conduct, and pleaded estoppel to maintain the suit upon the alleged acts of fraud and fraudulent conduct. R. N. White also pleaded adjudication and discharge in bankruptcy. The defendants Thomas T. Herndon, T. D. Starnes, and J. E. Wilkins pleaded, the same as did their codefendants, except not denying their signatures upon the certificate. J. E. Wilkins further pleaded his release upon a valuable consideration paid the plaintiff.

The trial court made findings of fact, which have evidence to support them, viz.:

"On the 17th day of March, 1924, W. H. Camp, Cashier of the Commercial National Bank of Greenville, Texas, issued to the plaintiff the following:

" 'Certificate of Deposit

" 'Not Subject to Check.

" 'Commercial National Bank

" 'No. ———

" 'Greenville, Texas, March 17, 1924. $75,000

" 'C. T. Tatum has deposited with this Bank $75,000 payable to the order of himself in current funds on return of this certificate properly endorsed with interest at the rate of 6% per annum if left until December 31, 1924.

" 'No interest after maturity.

" 'W. H. Camp, Cashier.'

"On the back of said certificate appears the following language:

" 'We hereby guarantee the payment of the within certificate of deposit at maturity thereof, and also waive notice of "Demand and protest" thereof of any dishonor thereof, making ourselves hereby original parties thereto the same as if the said certificate of deposit had been originally issued by us in our individual capacity or capacities.'

"The guaranty endorsed on the back of the certificate was signed by defendants W. A. Beasley, Thomas T. Herndon, J. F. Bickley, R. N. White, J. E. Wilkins, W. H. Camp, T. D. Starnes, W. R. J. Camp, and H. T. Weathers. Each of said persons was a stockholder and a director in the Commercial Na-

tional Bank and they constituted all of the directors of said Bank.

"On the 31st day of December, 1924, the said W. H. Camp as cashier of said bank issued the following certificate:

" 'Certificate of Deposit

" 'Not Subject to Check

" 'Commercial National Bank

" 'No. 699

" 'Greenville, Texas. December 31, 1924.

" 'C. T. Tatum has deposited with this Bank $75,000 payable to the order of himself in current funds on return of this certificate properly endorsed with interest at the rate of 4% per annum if left 12 months from date; ——— per cent per annum if left ——— months.

" 'No interest after maturity.

" 'W. H. Camp, Cashier.'

"The identical words constituting the guaranty endorsed on the certificate of March 17, 1924, appear on the back of the certificate last named, and the same persons who constituted the Board of Directors of the Commercial National Bank when the first certificate was issued also constituted its Board of Directors at the time the second certificate was issued and the name of each of said directors appears to the guaranty endorsed on the back of the second certificate; but I find as a fact that neither W. A. Beasley, J. F. Bickley nor H. T. Weathers signed his name thereon, and I further find that neither of said persons ever authorized or ratified the signing of his name to said guaranty.

"I find that W. H. Camp was the Cashier of the Commercial National Bank for many years prior to the time said first certificate was issued and up to the time that the bank failed in the month of April following the time the second certificate was issued; but I further find that said W. H. Camp's authority as Cashier of said Bank was limited, that he was not authorized to make loans for said bank in excess of $500.00 without the approval of the Board of Directors and that he was not authorized to receive interest-bearing deposits and issue certificates therefor without first procuring the consent of the Board of Directors of said Bank, and that in no event he had authority to pay eight per cent interest upon a deposit.

"I find that when the first certificate was issued the plaintiff, C. T. Tatum, and the said W. H. Camp entered into a secret agreement under which said certificate would show on its face to bear only six per cent interest and no interest unless the deposit remained in the Bank until the maturity of the certificate, but that plaintiff would receive eight per cent interest from said bank and that two per cent, being the difference between the interest appearing on the face of the certificate and the eight per cent interest agreed

upon, was placed from the funds of said bank to the credit of the plaintiff at the time said first certificate was issued, and that the same was subject to the plaintiff's check and thereafter checked out and withdrawn from said bank.

"I find that on, or just prior to, the 31st day of December, 1924, plaintiff and said W. H. Camp entered into a new agreement under which the second certificate above mentioned was issued to the plaintiff, appearing on its face to bear but four per cent interest and not any unless left in said bank until one year from its date, but that the plaintiff should be paid eight per cent interest by said bank on account of said deposit, and that in pursuance of said agreement said Camp took from the funds of said bank $3000.00, constituting the difference between four per cent and eight per cent interest on said certificate, and placed the same to the credit of plaintiff, and that the same was subject to his check at any time.

"I find that at the time each of said certificates were issued plaintiff knew that the payment by a bank of eight per cent interest on deposits was an extraordinary transaction, and that although he had made many large interest-bearing deposits in different banks before either of the transactions in question, he had never received near as much as eight per cent on said deposits.

"I find that at the time each of said certificates were issued W. H. Camp told the plaintiff not to inform any director of said bank of the actual contract made between them, and that if it was not an express agreement between them that the actual facts should be kept secret and withheld from the knowledge of the directors and other officials of the bank, it was at least a tacit understanding between them that this would be done, and that said Tatum faithfully obeyed the instructions of Camp and kept the agreement secret; and I further find that not a single director of the bank, except W. H. Camp, ever had any notice of either of the secret agreements between plaintiff and Camp until long after the bank failed in April, 1925.

"I find that the plaintiff had actual knowledge of the limitation of Camp's authority, or that if he did not, he had actual notice of the facts which would put an ordinarily prudent person on inquiry, and which if made, would have disclosed the limitation of Camp's authority to make the contracts in question and to pay him the excess amount of the bank's money under the guise of interest.

"I find that not a single director, except W. H. Camp, would have signed his name to the guaranty endorsed on the back of either of the certificates had he known of the secret agreement between Camp and Tatum; and I further find that had the directors known

of the said agreement at any time before the maturity of the first certificate they would have required the bank to pay Tatum his money and would have thereby been relieved from any responsibility.

"I further find that when the first certificate matured on the 31st day of December, 1924, said bank had ample funds with which to pay off and discharge the plaintiff's deposit of $75,000.00, and that had the directors known of the fact that Camp was making the second secret agreement with plaintiff they would have required the bank to pay plaintiff his money; and I further find that said directors would have required said bank to give Tatum his money at any time while it had funds on hand to do so prior to its failure, had they known of the secret agreement between Camp and Tatum.

"I find that immediately after the failure of said bank, J. F. Bickley, W. A. Beasley and H. T. Weathers each notified the plaintiff that he did not sign nor authorize his signature to the second instrument, and that with knowledge of these facts, the plaintiff presented his claim against the Commercial National Bank to the Receiver of said bank, based upon the second certificate, and demanded eight per cent interest thereon, and that he received dividends from the assets of said bank, based upon said certificate and eight per cent interest thereon up to the time the bank failed.

"In open court plaintiff dismissed the case as against W. R. J. Camp, who died since this suit was entered, and against R. B. Caldwell, Receiver of the Commercial National Bank of Greenville, and the evidence shows that R. N. White, one of the defendants and one of the directors, has been discharged in bankruptcy and is for that reason, if for no other, not liable in this case.

### "Conclusions of Law.

"Under the facts of this case, I am of the opinion that the plaintiff is not entitled to recover anything against either of the defendants except W. H. Camp, and I, therefore, enter judgment accordingly."

There is presented the simple question, as a matter of pure law, of whether or not the appellant in the circumstances was precluded, as determined by the trial court, from recovery of the directors upon their undertaking of guaranty. The outstanding factual elements appear that: "I find that not a single director, except W. H. Camp, would have signed his name to the guaranty endorsed on the back of either of the certificates had he known of the secret agreement between Camp and Tatum; and I further find that had the directors known of the said agreement at any time before the maturity of the first certificate, they would have required the bank to pay Tatum his money and would have thereby been relieved from any

responsibility." In view of the facts, the appellees would seemingly be entitled to repudiate the contract of guaranty because of the acts of fraud and the loss of relief from their liability, and invoke the doctrine of estoppel. The directors had the right under the guaranty at any time to have the bank return to the appellant the money deposited, and they could have complained of the conduct and acts concerning the transaction as justly entitling them to exercise the right of returning the consideration. They were actually defeated of their right of relief through the concealment and acts and conduct. And, as viewed by the majority of the court, the trial court has correctly rested the decision of the case upon the ground that the fraudulent conduct and concealment and damage, coupled together, operated by way of estoppel to preclude the appellant from now seeking relief upon the undertaking of guaranty. 28 C. J. p. 925; 21 C. J. § 173, p. 1168; 1 Story, Eq. Jur. (14th Ed.) § 440; 2 Pomeroy, Eq. Jur. (4th Ed.) 808; 1 Brandt on Suretyship (3d Ed.) § 106; Elliott on Con., Vol. 1 § 127, and Vol. 5, § 3938; Nat. Bank v. Donnellan, 170 Cal. 9, 148 P. 188, Ann. Cas. 1917C, 744; Damon v. Surety Co., 161 App. Div. 875, 146 N. Y. S. 996.

Chief Justice WILLSON differs from the above conclusion. He is of the opinion that the directors who signed the certificate as guarantors did not by that act become parties to the fraudulent collateral agreement (as to the bank) between Camp and appellant, and that not only were they not bound by that agreement, but the bank itself was not bound by it. But, he thinks, the fact that the guarantors and the bank were not liable on the collateral agreement was not a reason why either it or they should be relieved from liability on the contract evidenced by the certificate in question.

In the view of the majority of the court, the judgment should be affirmed, and it is accordingly so ordered.