SEGLIN CONSTRUCTION CO., INC., Appellant, v. COLUMBIA CASUALTY COMPANY, Respondent, and ISIDOR COHEN, Defendant.— Order, in so far as it denies plaintiff's motion to strike out the first defense and counterclaim in the amended answer, reversed on the law and the facts, with ten dollars costs and disburse-

ments to appellant, and motion to that extent granted, with ten dollars costs In so far as it denies the motion for summary judgment or partial summary judgment, the order is affirmed, without costs. (1) The plaintiff was under no obligation to make any disclosure of its views to the surety company as to the sufficiency of the amount for which Cohen agreed to do the work under contract. (*Western N. Y. Life Ins. Co.* v. *Clinton*, 66 N. Y. 326, 331; *Bostwick* v. *Van Voorhis*, 91 id. 353; *Magee* v. *Manhattan Life Ins. Co.*, 92 U. S. 93.) The case of *Damon* v. *Empire State Surety Co.* (161 App. Div. 875) is not to the contrary and may be readily distinguished. The fact that the broker, Cryer, was indebted to the president of the plaintiff corporation at the time the surety bond was issued on the Cohen contract is of no significance in view of the lack of factual basis giving it significance. There is no statement from an officer of the surety company, or any one having personal knowledge, that the agreement between Cryer and plaintiff's president was unknown to the surety company. The argumentative statement of the attorney, Konheim, to that effect is not the equivalent of such a statement by proper affiants. The bond was written on May 20, 1930, and the agreement of Cryer was made on May 15, 1930. On December 20, 1930, the surety company, in a letter, manifested knowledge of the " private arrangements with Mr. Cryer." The surety company proceeded with such knowledge of that arrangement without then acting thereon, on the theory of fraud, which it now advances. It may not at this time be heard. (*Saratoga & Schenectady R. R. Co.* v. *Row*, 24 Wend. 74, 76.) The first defense and first counterclaim were, therefore, insufficient in law and the affidavits disclose no triable issue of fact which would save them. (2) There seems to be, however, a question of fact with reference to whether or not the plaintiff breached its contract with the defendant surety company on November 30, 1931. At that time the surety company was making a demand for a progress payment under the principal contract. It may be that the amount demanded was excessive, but the figures disclose that there may have been some money due as a progress payment on that date. If none in fact was due, then no breach occurred. If a sum were due, then a breach by plaintiff occurred, because the surety company was only obligated to carry out the contract of its principal, Cohen, in accordance with the terms of the principal contract. That principal contract authorized the withholding of progress payments in the event only of default by the subcontractor, where the general contractor entered upon the job and completed it for the account of the subcontractor. Here the surety company, upon proper notice from the plaintiff, entered upon the performance of the contract in its status as surety for Cohen and also as assignee. It was, therefore, entitled to a progress payment, if one in fact was earned, the determination of which fact must await the trial, even though the defendant surety company's factual showing as to the existence of a right to such payment is somewhat obscure in its answering affidavits. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.