SAMUEL STRAUSS & CO., INC., Respondent, *v.* AMERICAN CREDIT INDEMNITY COMPANY OF NEW YORK, Appellant, Impleaded with SAMUEL STRAUSS and PHILIP STRAUSS, Individually and as Copartners, under the Firm Name of SAMUEL STRAUSS & CO., Respondents.

First Department, November 17, 1922.

Trial — action at law to recover on credit insurance policy — policy was originally issued to individual defendants and later transferred to plaintiff — defense and counterclaim by corporation defendant based on false and fraudulent representations in securing consent to transfer policy and on fraud of individual defendants — corporation defendant entitled to have issues raised by counterclaim and replies tried separately at Special Term.

In an action at law to recover on a policy of credit insurance issued to the individual defendants and by them assigned, with the consent of the corporation defendant, to the plaintiff after the plaintiff had purchased the business of the individual defendants, the corporation defendant interposed a defense against the enforcement of the policy and a counterclaim for the cancellation thereof, based on certain false and fraudulent representations made to induce the defendant corporation to consent to the transfer of the policy and on the fraud practiced upon it by the individual defendants. The corporation defendant moved that the issues raised by the counterclaim and the replies thereto be separately tried at a Special Term.

*Held,* that the misrepresentions made to secure the consent to the transfer from the individual defendants to the plaintiff gave rise to two rights of relief: *First,* as against the plaintiff to have the consent to the transfer and the transfer itself canceled and declared void, and *second,* as against the individual defendants to have the policy itself canceled under the terms thereof, because of the fraud practiced by them on the corporation defendant. Hence, while the facts set up as a defense would be available to defeat the plaintiff's claim under the policy, it would leave the policy in full force and effect as to the individual defendants, and, therefore, the defendant corporation cannot obtain the full relief under the defense to which it would be entitled by virtue of the counterclaim, for a court of law could not grant the equitable relief.

Accordingly, the defendant corporation is entitled to have its counterclaim tried separately, and as it is a cause of action in equity, it has a right to have it tried at Special Term.

FINCH, J., dissents, with memorandum.

APPEAL by the defendant, American Credit Indemnity Company of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of August, 1922, denying said defendant's motion for a separate trial at Special Term of an equitable counterclaim.

*Horwitz, Rosston & Hort* [*Walter J. Rosston* of counsel], for the appellant.

*I. Gainsburg* of counsel [*Joseph Force Crater* with him on the brief], for the respondents.

PAGE, J.:

The action is at law to recover upon a policy of credit insurance issued to the individual defendants and by them assigned, with the consent of the corporation defendant, to the plaintiff. The complaint sets forth facts which more briefly stated are as follows:

The individual defendants were copartners in business, and the corporation defendant issued to them a policy of credit insurance, whereby, in consideration of the payment of the premium therein specified, and upon the terms and conditions therein set forth, the corporation defendant insured the individual defendants against actual loss, in excess of the initial loss therein provided to be borne by the individual defendants, occurring during the term of the policy. That during the term of the policy, the individual defendants assigned to the plaintiff the business of the copartnership, together with all the assets, including outstanding accounts, and the said corporation assumed all the liabilities of the copartnership and continued the business. The defendant corporation was duly notified of the assignment and consented to the transfer of the policy to the plaintiff. By a rider attached to the policy it was agreed that said assignment and transfer should not be regarded as a discontinuance of the policy, but that the successor, the plaintiff, should be substituted as the assured in place and stead of the individual defendants. Losses were sustained through the insolvency of debtors, in the usual course of the business, as defined in the policy, after deducting initial losses, in the amount of $25,568.94, for which claim was duly made and a statement thereof duly filed with the defendant corporation. Payment thereof has been refused.

The answer of the defendant corporation denies certain of the material facts, and contains two separate defenses and a counterclaim. The first defense and the counterclaim are practically identical, the defense being to the enforcement of the policy, and the counterclaim for the cancellation thereof because the consent

of the defendant corporation to the transfer of the policy was obtained by certain false and fraudulent representations, and because of the fraud practiced upon it by the individual defendants.

The appellant moved that the issues raised by the counterclaim and the replies thereto be separately tried at Special Term.

The respondent argues that there should not be a separate trial of the issues raised by the counterclaim, as the defendant alleges the same facts as a defense, and if those facts are proved, the complaint would have to be dismissed, citing *Bennett* v. *Edison Electric Illuminating Co.* (164 N. Y. 131). In that case the defense was that the contract was procured by fraud, and the counterclaim was for a reformation of the contract for the same fraud. The reformation of the contract was not necessary, for if the contract was induced by fraud in its inception, it was not the defendant's contract and the defendant could not be held in damages for its breach. In the instant case the fraud was not in securing the issuance of the policy by misrepresentation, but securing the consent to the transfer from the individual defendants to the plaintiff, which gave rise to two rights of relief, as against the plaintiff to have the rider evidencing the consent to the transfer and the transfer itself canceled and declared void, and as against the individual defendants to have the policy itself canceled under the terms thereof because of the fraud practiced by them upon the corporation defendant. Hence, while the facts set up as a defense would be available to defeat the plaintiff's claim, under the policy, it would leave the policy in full force and effect as to the individual defendants. Therefore, the defendant cannot obtain the full relief under the defense to which it would be entitled by virtue of the counterclaim, for the court on the law side could not grant the equitable relief.

The defendant is entitled to have its counterclaim tried, and as it is a cause of action in equity, the defendant has a right to have it tried at Special Term. (Code Civ. Proc. § 974; Civ. Prac. Act, § 424; *Brody, Adler & Koch Co.* v. *Hochstadter, No. 1,* 150 App. Div. 527; *Harrison* v. *Loeser & Co., Inc.,* 164 id. 115; *Epstein* v. *Rockville Centre Imp. Co.,* Id. 178.)

Section 973, which was added to the Code of Civil Procedure by amendment (Laws of 1907, chap. 526) and re-enacted by the Civil Practice Act (§ 443, subd. 3), gives to the court a wide discretion to order separate trials of issues arising in the same action. We have repeatedly held where an affirmative defense or counterclaim, not involving the merits of the plaintiff's alleged cause of action, if decided in defendant's favor, would destroy the plaintiff's cause of action, and thus render unnecessary its trial, that

the issues raised by the defense or counterclaim should be separately tried prior to the trial of the issues raised by the denials of the allegations of the complaint by the answer. (*Goss* v. *Goss & Co.*, 126 App. Div. 748, 749; *Rubenstein* v. *Radt*, 133 id. 57, 60; *Smith* v. *Western Pacific R. Co.*, 144 id. 180; affd., 203 N. Y. 499; *City of New York* v. *Matthews*, 156 App. Div. 490, 493; *Brody, Adler & Koch Co.* v. *Hochstadter, supra; Reich* v. *Cochran*, 171 id. 113; *Commercial Trust Co.* v. *Columbia Trust Co.*, 183 id. 106, 109; *Schleestein* v. *Cohn*, 188 id. 48.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting):

I am unable to agree with the conclusion reached for the reason that the facts pleaded as a counterclaim also constituted a complete defense to an action on the policy either by the corporation defendant or the individual defendants; as to the former, by reason of the fraud alleged, and as to the latter, in addition to their participation in the fraud, by reason of their alleged insolvency, liquidation and dissolution, any of which events terminated the policy under its terms. In this connection it is to be noted that in order to establish the fraud it would be necessary to show the insolvency, liquidation and dissolution.

The fact that the counterclaim asks for affirmative relief cannot deprive the plaintiff of its right to a trial at law of the action. The defendant is not deprived of its defense, but alleges a good defense against not only the corporation plaintiff but against the individual defendants, by reason of the same facts which give rise to its counterclaim. (*Bennett* v. *Edison Electric Illuminating Co.*, 164 N. Y. 131.) In that case affirmative relief was sought by the defendant and the court denied the defendant's request to have a prior separate trial of that issue, saying: " The provisions of the Code referred to, we think, have no application to an issue of this character, but were intended to provide for the mode of trial of an issue arising upon a counterclaim in which the facts alleged do not constitute a defense and are not available as such."

There was no abuse of discretion in denying the motion and the order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.