JORAY REALTY CO., INC., Plaintiff, *v.* MORRIS STEINBERG, Defendant.

Municipal Court of New York, Borough of Brooklyn, Seventh District, August 27, 1927.

Costs — summary proceeding to dispossess — costs allowed, under Municipal Court Code, § 164, against defendant on dismissal of counterclaim.

The plaintiff in a summary proceeding to dispossess is entitled, under section 164 of the Municipal Court Code, to have costs taxed on the dismissal of a counterclaim interposed by the defendant.

MOTION to review taxation of costs on dismissal of counterclaim in a summary proceeding.

*Alexander Drescher* [*Harold J. Drescher* of counsel], for the plaintiff.

*M. Herman Mandell*, for the defendant.

JOHNSON, J. In a previous proceeding, by the same landlord against another tenant, the same question arose, and I directed the clerk to tax costs on the dismissal of the counterclaim. I think I will follow that here.

There is no logical reason why there should be no costs against one who has imported into the proceeding what is really a separate claim and has been defeated. Costs on the defeating of a counterclaim (Mun. Ct. Code, § 164) are not expressly given therein if the counterclaim is in a summary proceeding, but for counterclaim purposes the proceeding is treated as an action. (Civ. Prac. Act, § 1425.) The two claims are separated (separate) and the second is really not one of the issues of the summary proceeding, but is an independent claim, which not only might be separated if it were equitable in its nature (*Strauss & Co., Inc.*, v. *American Credit Indemnity Co.*, 203 App. Div. 361), but could be tried by jury (Civ. Prac. Act, §§ 424, 425) if it was for money. In such event, costs surely ought to go to the winner.

Motion to tax costs under section 164 of the Municipal Court Code granted.