THE CITY OF NEW YORK, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

(Consolidated Appeals.)

First Department, April 14, 1938.

*Nathan Permut* of counsel [*Thomas E. White*, attorney], for the appellant.

*Julius Isaacs* of counsel [*Matthew B. Price* with him on the brief; *William C. Chanler, Corporation Counsel*, attorneys], for the respondent.

COHN, J.   The action is one against a surety on a surety bond. The complaint alleges that a contract was made between the city of New York and Carrizzo & Izzo, contractors, dated May 19, 1927, whereby the contractors, who are defendant's principals, were granted the privilege of sorting and reclaiming waste materials at certain of the city's land dumps for a period of three years, commencing May 24, 1927.   It states further that the contractors agreed to pay $536.99 each week during the term of the agreement; that defendant executed its bond in the sum of $15,000 for the performance by the contractors of the terms of the contract; that the contractors entered into the use and privilege granted by the contract; that they failed to make the payments provided to be made in the contract, except that $75,781.68 was paid and that there is due to the city the sum of $8,295.61, with interest and costs.

As the answer of defendant merely denies the amount due, plaintiff moved to strike it out and for summary judgment.   One appeal is from the order granting such motion and the judgment entered pursuant to such order.

After plaintiff made its motion for summary judgment, defendant surety company countered with a motion for leave to amend its answer.   From the order denying that motion, defendant also appeals.

In its answering affidavit submitted in opposition to the motion for summary judgment, and in its moving papers for leave to amend its answer, defendant sought to rely upon a claim of its principals that the city had breached its contract with the principals.   This alleged breach, defendant's affidavit asserts, is the subject of an independent action instituted by defendant's principals, Carrizzo & Izzo, against the city to recover the sum of $52,700 as damages, which includes a claim of $50,000 for breach of contract and a claimed credit of $2,700 for security deposited with the city by the contractors to insure faithful performance of the contract by the latter.   The contract involved in the principals' action is the same as the contract mentioned in the present com-

plaint for which the surety issued its performance bond. The suit brought by the principals, it is stated, is undetermined and now pending in the Supreme Court, New York county. The proposed amended answer avers that the damages of the contractors were sustained because of various breaches of the contract suffered and permitted by the city of New York during the period of the contract, and generally consisted of:

(a) Diverting of materials belonging to the contractors;

(b) Separating the garbage from the refuse dumped at certain of the land dumps and depositing on certain dumps of refuse not consisting of mixed rubbish and garbage;

(c) Depositing of ashes on Phillips avenue at Ellsworth avenue, and at other places, instead of depositing the same at the land dumps granted to the contractors;

(d) Depriving the contractors from time to time during the period of the contract of certain of the land dumps allowed to them by the terms of their agreement and by discontinuing and shutting them down.

The action here is brought against the surety alone; hence the surety cannot avail itself of the claim of its principals against plaintiff, city of New York. The rule is well established in New York State that where a surety is sued alone, he cannot avail himself of claims of the principal against a creditor. (*Gillespie* v. *Torrance,* 25 N. Y. 306; *Lasher* v. *Williamson,* 55 id. 619; *Elliott* v. *Brady,* 192 id. 221.) The claim of the principals in this case is not a mere failure of consideration, but an independent claim, and not being due to the defendant, cannot be asserted by it. (*Gillespie* v. *Torrance, supra.*) If the defendant had the right to assert the counterclaim and have it allowed in this action where the principals are not parties, it would bar the suit of the principals for the breaches of contract. As no balance could be found in the surety's favor, in seeking to cancel plaintiff's claim for $8,295.61, the surety might thus destroy the claim of the principals for $52,700. (*Gillespie* v. *Torrance, supra,* 311; 4 Williston on Contracts [Rev. ed.], § 1251, p. 3582.)

There would seem to be a strong equity in favor of the defendant to have the claim asserted by plaintiff in this action entirely offset or reduced by applying towards its satisfaction the claim for damages asserted by Carrizzo & Izzo for the breaches of contract. It is, however, an equity in which the principals are interested to a greater extent than defendant and cannot be disposed of without having them before the court, so that their rights, as well as those of defendant, may be protected. (*Gillespie* v. *Torrance, supra,* at p. 311.) That remedy may be open to defendant by a consolidation of this action with the action brought by Carrizzo &

Izzo against the city of New York. (Civ. Prac. Act, § 96.) This expedient would obviate delays and multiplicity of actions without prejudice to a substantial right. The Court of Appeals has stated that the purpose of this statute (Civ. Prac. Act, § 96) " is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252, 254.)

If and when the actions are consolidated, the defendant surety may avail itself of the defense which it is now seeking to assert in an amended answer. In such consolidated action, the principals will also be before the court and their rights, as well as those of defendant, may be amply protected (*Ettlinger* v. *National Surety Co.*, 221 N. Y. 467, 471), and if the principals are there successful in the prosecution of their action, plaintiff's claim against the surety will be either entirely offset or reduced.

As to surety's assertion that it should be permitted to offset against plaintiff's claim the sum of $2,700, which represents the security deposited with the city by the principals, the right to set off this claim may also be allowed in favor of the surety in the consolidated suit where the principals and the surety are before the court in one action. (4 Williston on Contracts [Rev. ed.], § 1251, p. 3584.)

In view of the fact that defendant may still apply for a consolidation of the actions, which if sanctioned will enable it to avail itself of the defense, the motion for summary judgment should not have been granted. In the existing circumstances, however, the motion for leave to serve an amended answer was properly denied. Defendant may obtain leave to serve an amended answer, if and when the consolidation is permitted.

The order striking out the defendant's answer and granting summary judgment and the judgment entered thereon should be reversed, with costs, and the motion denied; the order denying defendant's motion for leave to serve an amended answer should be affirmed, without prejudice, however, to a renewal thereof upon a consolidation of the two actions.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order striking out the defendant's answer and granting summary judgment, and the judgment entered thereon, unanimously reversed, with costs, and the motion denied; order denying defendant's motion for leave to serve an amended answer unanimously affirmed, without prejudice, however, to a renewal thereof upon a consolidation of the two actions.