TAYLOR-FICHTER STEEL CONSTRUCTION Co., INC., Respondent, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

First Department, December 18, 1939.

*George J. Banigan* of counsel [*William J. Horrigan* and *Ralph M. McDermid* with him on the brief; *Travis, Brownback & Paxson,* attorneys], for the appellant.

*David Morgulas* of counsel [*M. Carl Levine, Morgulas & Foreman,* attorneys], for the respondent.

TOWNLEY, J. This action was brought by the plaintiff, a general contractor, against the surety of a subcontractor. The surety had given a bond conditioned on the performance of a subcontract relating to a public work in Texas. The complaint alleges a breach

of the subcontract and damages of $75,000 are demanded against the surety.

The first defense sets up facts which if proved would lead to the legal conclusion that the subcontractor's bid for the work had been induced by certain fraudulent misrepresentations or non-disclosures on the plaintiff's part. The defendant also pleads that in Texas the subcontractor brought an action in disaffirmance of the contract and in fact has legally rescinded it. Special Term has stricken out this defense on the ground that it is not available to the surety under certain decisions of the Court of Appeals of this State. (*Gillespie* v. *Torrance*, 25 N. Y. 306; *Elliott* v. *Brady*, 192 id. 221; *Ettlinger* v. *National Surety Co.*, 221 id. 467; *City of N. Y.* v. *Fidelity & Deposit Co. of Md.*, 253 App. Div. 676.) In support of the order made, the plaintiff-respondent takes the position that if there is fraud in the inducing of a contract, a surety, when sued on the default of the defrauded party, may not avail of the fraud unless its principal has reduced its rescission of the contract to a judgment.

We do not so interpret the decisions relied upon. In *Ettlinger* v. *National Surety Co. (supra)* the Court of Appeals, having discussed this whole question, said (p. 470): " In other words, what shall be done with a contract induced by fraud is purely a question for the determination of the party on whom the fraud is committed. He may repudiate it, and if he does so the surety may avail himself of the repudiation, as was done in *Bennett* v. *Carey* (72 Iowa, 476). He may affirm it, in which case the surety cannot be heard to raise the question. He may suspend his action at least for a time and the surety may not compel him to elect."

In the pleading under consideration, the surety clearly alleges that the subcontractor has repudiated and rescinded the contract. Facts are pleaded which when tried might establish this defense. None of the authorities drawn to our attention suggests that an adjudication on behalf of the principal is necessary. Indeed, the contrary is the case. It accordingly was error to strike out the first defense.

In the second defense the defendant sets up the false representations made to the subcontractor as well as the subcontractor's election to rescind the contract. The defense then continues:

" 22nd: The plaintiff herein failed to disclose to this defendant the falsity of the fraudulent statements and the certain pertinent facts hereinabove mentioned in the preceding paragraphs hereof, which were within the exclusive knowledge of the plaintiff herein and unknown to this defendant and which should have been disclosed to this defendant.

" 23rd: The failure of the plaintiff herein to disclose the falsity of the said fraudulent statements and to disclose said pertinent facts which were within the exclusive knowledge of the plaintiff herein and unknown to this defendant and which the plaintiff herein was under a duty to disclose to this defendant, operated as a fraud upon this defendant; the plaintiff herein accepted said bond, ' Exhibit B ' to the complaint, in bad faith; this defendant was induced to deliver to the plaintiff herein its said bond, ' Exhibit B ' to the complaint, through said fraudulent concealment and bad faith of the plaintiff herein; and by reason thereof, any and all covenants by this defendant directed to the plaintiff herein contained in said bond, ' Exhibit B ' to the complaint, are void and of no force or effect as between this plaintiff herein and this defendant."

In support of the sufficiency of this pleading, the defendant cites *Damon* v. *Empire State Surety Co.* (161 App. Div. 875). In that case a bond was given to guarantee the performance of a renewal of a certain contract on which the party to be bonded was already completely in default. Moreover, the proposed obligee had also done certain improper acts. Both the obligee and the principal of the bond were thus parties to a fraudulent non-disclosure of essential facts to the surety. That situation is wholly unlike the one presented in the case at bar where the principal and not the surety was the party defrauded and where the surety was subject to the choice which its principal had of either avoiding or affirming the contract.

It affirmatively appears from this defense that the plaintiff never had any dealings with the surety. The facts are, therefore, of the same type as those litigated in the cases cited above in the Court of Appeals. When it is the principal who has been defrauded and not the surety, the fraud is personal to the principal and the fact of rescission cannot bring into activity a supposed dormant fraud upon the surety. Either a surety has been directly and personally defrauded by non-disclosure or it has not, and the principal's rescission because of the fraud upon it cannot act to create a constructive fraud upon the surety. The second defense is, therefore, insufficient and was properly stricken out.

The order should be modified by denying the motion to strike out the first defense, and as modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously modified by denying the motion to strike out the first defense, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.