PSATY & FUHRMAN, INC., et al., Appellants-Respondents, *v.* CONTINENTAL CASUALTY COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant.
SAUL GREENBERG, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.

First Department, April 10, 1951.

*David Morgulas* of counsel (*M. Carl Levine, Morgulas & Foreman,* attorneys), for appellants-respondents.

*Andrew Eckel* for respondent-appellant and third-party defendants-respondents.

SHIENTAG, J. Plaintiffs, general contractors, entered into a contract with the city for the construction of the East New York Bus Depot. In connection with this construction plaintiffs entered into a subcontract with one of the third-party defendants for performance of certain demolition work. The subcontract required that a surety company bond be delivered conditioned upon the performance of the subcontract by the subcontractor. The defendant, a surety, filed such a bond. The general contractors brought the present action against the surety alone for $15,000 in damages, alleging that the subcontractor had defaulted. The surety then served a third-party

complaint on the subcontractor and certain others, alleging that the third-party defendants had executed an indemnity agreement to the surety.

In its answer, the surety alleged as an affirmative defense and setoff the plaintiffs' (general contractors') breach of their contract with the subcontractor. The third-party defendants, in their answer, set up against the general contractors a counterclaim in the amount of $50,000, alleging the same breach of contract as that asserted by the surety in its answer.

Insofar as the general contractors' motion sought to dismiss the third-party complaint, it was properly denied. Section 193-a of the Civil Practice Act was enacted in recognition of the value of impleader as a method of increasing the efficiency of the judicial process. "It promotes trial convenience by the disposition, in one proceeding, of two controversies, thereby saving the time and expense both of the court and of the parties and avoiding multiplicity and circuity of action." (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 192.) The statute permits bringing in of any person who may be liable to the defendant for all or part of the plaintiff's claim. Here the third-party defendants, one as the principal under the bond, the others under the alleged indemnity agreement, would clearly be liable over to the surety for the amount of the plaintiffs' claim. This is precisely the situation for which the impleader statute was designed.

The plaintiffs' (general contractors') motion should have been granted, however, insofar as it sought to strike the counterclaim of the third-party defendants. Subdivision 2 of section 193-a provides that, for the purpose of contesting the plaintiffs' claim, the third-party defendant "shall have the rights of a party adverse to the plaintiff, including the right to appeal." The third-party defendant is specifically authorized to assert against the plaintiff any defenses which he has to the plaintiff's claim.

The liberality of this section, however, is limited in one respect by subdivision 3 of section 193-a. That subdivision permits a plaintiff to amend his pleading so as to assert a claim against a third-party defendant. If — but only if — the plaintiff so amends his pleading, the third-party defendant may then interpose a counterclaim against the plaintiff. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 213.)

Plaintiffs have asserted no claim against the third-party defendants in this action; the third-party defendants, there-

fore, cannot under the statute assert their counterclaim against the plaintiffs. They may, of course, set up the same cause of action as an affirmative defense, if they so desire, thus bringing themselves within the permissive scope of the act.

We are of the opinion that the Special Term also erred in dismissing the affirmative defense and setoff pleaded by the surety in its answer. This court has previously held that " The rule is well established in New York State that where a surety is sued alone, he cannot avail himself of claims of the principal against a creditor." (*City of New York* v. *Fidelity & Deposit Co. of Md.*, 253 App. Div. 676, 678.) In that decision, however, we recognized that there is a " strong equity in favor of the [surety] to have the claim asserted by plaintiff in this action entirely offset or reduced by applying towards its satisfaction the claim for damages asserted by [the principals] for the breaches of contract. It is, however, an equity in which the principals are interested to a greater extent than defendant and cannot be disposed of without having them before the court, so that their rights, as well as those of defendant, may be protected." If the claim of the principal against the creditor is consolidated with the claim of the creditor against the surety, the surety may avail itself of the principal's defense. " In such consolidated action, the principals will also be before the court and their rights, as well as those of defendant, may be amply protected * * * and if the principals are there successful in the prosecution of their action, plaintiff's claim against the surety will be either entirely offset or reduced." (P. 679.)

The elemental purpose of this rule is, as the above decision makes clear, the protection of the principal, not of the plaintiff. Where, as here, the principal consents to the surety's pleading of the defense and is itself before the court so that its rights may be fully protected, there can be no objection to the surety's asserting the principal's claim as a setoff. (See Restatement, Security, § 133.) On the contrary, such action is highly desirable in that it permits adjudication in a single action of all claims arising from the contract between the general contractor and the subcontractor. Proceeding in this manner will, like consolidation, " obviate delays and multiplicity of actions without prejudice to a substantial right." (*City of New York* v. *Fidelity & Deposit Co. of Md., supra*, p. 679.)

The principal cannot, of course, split its cause of action. If the principal consents that the surety assert its claim as a setoff

against the plaintiff, the principal forfeits its right to assert the claim in an independent action or to recover any amount in excess of the plaintiff's claim.

Plaintiffs advance one further objection to the surety's assertion of the principal's right to setoff. Under the contract between the general contractors and the subcontractor, any disputes that arose out of the agreement were to be submitted to arbitration and we assume, for the purposes of this decision, that the present dispute was arbitrable. The rights of the parties to demand arbitration under this provision of the contract cannot be cut off merely by having the surety assert the subcontractor's claim. (See *Matter of Hosiery Manufacturers Corp.* v. *Goldston,* 238 N. Y. 22.) In pleading as a setoff a cause of action belonging to its principal, the surety must stand in its principal's shoes. If plaintiffs desire to proceed to arbitration they may serve a demand upon the surety; the present action may then be stayed pending such arbitration. If, however, having been apprised of the fact that the surety asserts its cause of action with the consent of the subcontractor, plaintiffs continue their action at law, their right to arbitration will be waived.

The order denying plaintiffs' motion to dismiss the third-party action should be modified so as to dismiss the counterclaim interposed in the answer of the third-party defendant, with leave to the third-party defendant to amend its answer to plead this cause of action as an affirmative defense and setoff. As so modified, the order should be affirmed. The order granting plaintiffs' motion to dismiss the first affirmative defense and setoff interposed in defendant's amended answer should be reversed and the motion denied. This disposition shall be without costs to any of the parties.

Settle order, which shall contain an appropriate provision granting all parties to the litigation leave to amend their respective pleadings in the light of the foregoing decision, if they be so advised.

GLENNON, J. P., DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Order denying plaintiffs' motion to dismiss the third-party action is modified so as to dismiss the counterclaim interposed in the answer of the third-party defendant, with leave to the third-party defendant to amend its answer to plead this cause of action as an affirmative defense and setoff. As so modified, the order is affirmed. Order granting plaintiffs' motion to

dismiss the first affirmative defense and setoff interposed in defendant's amended answer is reversed and the motion denied. This disposition shall be without costs to any of the parties.

Settle order on notice, which shall contain an appropriate provision granting all parties to the litigation leave to amend their respective pleadings in the light of the opinion herein, if they be so advised. Settle order on notice.