In the Matter of ISABELLE FULTON, Respondent, against JOHN A. FULTON, Appellant.— The order of the Domestic Relations Court of the City of New York, Family Court Division, King's County, adjudges appellant to be the stepfather of respondent's child and orders him to provide support for respondent and for the child under subdivision 5 of section 101 of the Domestic Relations Court Act of the City of New York. Appellant resists the order on the ground that he is not the stepfather inasmuch as he entered into the marriage contract with respondent on her representation that the child was his, whereas subsequent blood tests exclude him as the father; and on the further ground that the putative father has not been made a party to the proceeding so that his liability for the child's support might be determined. Order unanimously affirmed, without costs. No opinion. Present — Adel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.

■

SAUL KIRSCHNER, Respondent, v. MORRIS ABRAMS et al., Appellants, et al., Defendants.— In an action for broker's commissions, defendants Abrams appeal from an order denying their motion to dismiss the amended complaint for insufficiency. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

MASTER CONTRACTING CORP., Respondent, v. IRVING SHERMAN, Appellant.— Appeal by defendant from an order granting plaintiff's motion for summary judgment and denying defendant's cross motion to consolidate this action brought by the payee against an irregular accommodation indorser of notes with another action brought by the payee against the maker, and from the judgment entered thereon. Order and judgment reversed on the law, with $10 costs and disbursements, and motion for summary judgment denied, without costs, and motion for consolidation granted, without costs. The affidavits in opposition to the motion for summary judgment set forth facts from which it could be found that the appellant indorsed the notes pursuant to an agreement made by appellant and the authorized agent for the respondent whereby appellant's liability was to be limited to the difference between the total of the notes and the cost of work which the respondent agreed to perform. It cannot be said as matter of law that the renewal of the note due on October 1, 1952, constituted a waiver of any defense or right of offset. There is no denial of the allegations in the affidavits in opposition to the motion for summary judgment that promises had been made to make adjustments on the last note. Where, as here, separate actions have been brought by the payee against the maker and an accommodation indorser, the interests of justice require that the actions should be consolidated so that the equities of all the original parties may be determined. (*Gillespie* v. *Torrance,* 25 N. Y. 306; *City of New York* v. *Fidelity & Deposit Co. of Maryland,* 253 App. Div. 676; *Psaty & Fuhrman, Inc.,* v. *Continental Cas. Co.,* 278 App. Div. 159.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.