**HONOLULU PAINTING COMPANY, Ltd., Plaintiff,**

v.

**Sam LEN, Sam Len (dba The Len Company) and Associates, Philip Yousem, Continental Casualty Company, and The Fidelity & Casualty Company of New York, Defendants.**

**Civ. No. 1900.**

United States District Court
D. Hawaii.
June 12, 1961.

Milton Cades, James S. Campbell, Honolulu, Hawaii, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, of counsel, for plaintiff.

Chuck Mau, Gordon C. C. Ho, Honolulu, Hawaii, for defendants.

TAVARES, Chief Judge.

The Court has before it, at this time, the three following Motions: (1) Motion, of plaintiff, to Strike Counterclaim Against Plaintiff and Columbia Casualty Company of New York; (2) Motion, of the two corporate defendants, to Join an Additional Party to Counterclaim; and (3) Motion for Production of Documents.

As to the Motion to Strike Counterclaim and the Motion to Join an Additional Party, it is the opinion of this Court, after carefully considering the memoranda and argument of counsel, that, although these Motions appear to be well taken at this time, the Court should withhold ruling on them for a reasonable period for reasons hereinafter stated. The defendants Sam Len and Philip Yousem have not been served with process and therefore are not, at the present time, before this Court. Since they have not made any assignment of their claim to the defendant sureties, it is felt that such sureties cannot, in this manner, assert at this time a claim owned by the defendants.[1]

---

1. United States to Use of Stainless, Inc. v. P. J. Walker Construction Co., D.C.S.D. Cal.1959, 24 F.R.D. 136; Psaty & Fuhrman v. Continental Casualty Co., 1951, 278 App.Div. 159, 103 N.Y.S.2d 849; 4 Williston on Contracts, (Rev.Ed.), Sec. 1251.

In the Psaty Case, 103 N.Y.S.2d at page 852, the New York Court, said, "It is, however, an equity in which the principals are [not] interested to a greater extent than defendant[s] and cannot be disposed of without having them *before the court*, so that their rights, as well

The authorities above cited clearly indicate that the surety cannot set off against the creditor the principal's claim against the creditor unless the principal has assigned his claim to or consented to its use by the surety, or the principal is made a party to the action instituted by the creditor, or the principal is insolvent. In the case at bar although the principals Len and Yousem are named as defendants, neither is actually a party to this counterclaim and neither is before this Court since service of process has not been effectuated against them.

 It was stated at the hearing that the defendants Len and Yousem are without the jurisdiction, that is, without the State of Hawaii, but there seems a reasonable possibility that they may yet voluntarily enter their appearances through the efforts of the defendant sureties. The Court would like to afford defendant sureties a further reasonable period to secure such appearance or effect such service. This Court will therefore continue the two Motions to strike until July 7, 1961. If, by that time, service of process upon Len and Yousem has not been effected and they have not voluntarily entered their appearances, and no showing has been made by defendant sureties that the principal defendants can be subjected in personam to the jurisdiction of this court in the immediate future, the Court will grant, for the above reasons, the Motion to Strike Counterclaim against plaintiff and Columbia Casualty Company of New York and will deny the Motion to Join Additional Party.

Such action, if taken by this Court, will be without prejudice to defendant sureties' right to move to file a new Counterclaim and to file a new Motion to bring in additional party before final judgment in this case, if, at such later date, service of process is had upon defendants Len and Yousem or they are otherwise brought within the in-personam jurisdiction of this court in this action. However, the Court does not hereby make any advance ruling on the merits of any such motions.

In view of the foregoing action of this Court, the plaintiff is allowed until 10 days after July 7, 1961, within which to answer, plead or otherwise move to the counterclaim of the two corporate defendants, if the same be not stricken on that date.

Good cause being shown in support of the Motion for the Production of Documents, such Motion is hereby granted.

---

as those of the defendant[s], may be protected." (Emphasis added).

See, also, 72 C.J.S. Principal and Surety, § 260b. It should be noted, in this connection, that Hawaii has no special statute authorizing a surety, when sued alone, to assert a counterclaim belonging to its principal.