Foster, J.
(dissenting). I dissent and vote to affirm the judgment in its entirety. From the entire record before us, it seems clear that Richmond, sued alone as the guarantor, asserts certain affirmative defenses and setoffs which do not raise triable issues of fact relating to the personal contract of guarantee. This is not a case of any alleged failure of consideration and thus a discharge of the principal debt, for the pleadings and affidavit of Richmond are in terms of allegations of damages resulting specifically from alleged fraud and breaches of warranty committed upon the purchaser of the assets, Walco, with retention of the benefits from the sale including the Waleutts’ noncompetition agreements (Gillespie v. Torrance, 25 N. Y. 306).
As noted in the majority opinion, Walco alone brought suit in the Federal court against Clevite for $400,000 damages on these same two causes of action, fraud and breach of warranty. In effect, Richmond seeks a portion of the same relief in this case as an individual and guarantor of Walco by seeking a dismissal of the complaint by means of a setoff to the extent of the Waleutts’ and Clevite’s claims. Nowhere does Richmond assert in his answer and in the facts presented in his affidavit *58 that his claim of fraud or misrepresentation is pleaded essentially as a personal defense, thereby raising a triable issue of fact as to the discharge of liability on the contract of guarantee. (See, e.g., Howe Mach. Co, v. Farrington, 82 N. Y. 121, 125; Spencer Co. v. New York Review, 282 App. Div. 659.)
The question then squarely becomes whether a triable issue exists over Richmond’s attempt to offset Walcutts’ and Clevite’s claims by interposing a “portion” of the damages allegedly incurred as a result of the sale of the business. (Cf. Crown Worsted Mills v. Sheinman, 5 A D 2d 810, affd. 5 N Y 2d 811.) While it is true that the Walcutts as third-party beneficiaries have a right to recover subject to the equities between the parties to the agreement, the damages incurred and the relief demanded by Richmond are not'personal to him as the guarantor. These defenses and setoffs belong to W'alco, as a separate entity not a party to this action, and they cannot be used by the surety here when he sued as the surety and not as the sole stockholder of Walco. Richmond obviously recognized that these indivisible causes of action belong to the corporation, as evidenced by the language of the pleadings here and by the Federal court action brought by Walco alone. To allow a setoff here would mean the splitting of causes of action not belonging to Richmond (cf. Psaty & Fuhrman v. Continental Cas. Co., 278 App. Div. 159, 162-163). I do not think it can be fairly implied here that Richmond pleads or avers a personal defense, calling for damages or cancellation, in the inducement of his personal guarantee.
Where the surety is sued alone, as here, since Richmond’s corporation, Walco, is not a party, the rule is clear that the surety cannot avail himself of claims of his principa,! against creditors. (See, e.g., Gillespie v. Torrance, 25 N. Y. 306, supra; Lasher v. Williamson, 55 N. Y. 619; Elliott v. Brady, 192 N. Y. 221; City of New York v. Fidelity & Deposit Co., 253 App. Div. 676, 678.) Furthermore, this rule is usually applied where the creditor’s breach of warranty or fraud is pleaded as a defense, as it is in this case. It has been specifically held that such claims are personal to the principal and cannot be made by the surety (Gillespie v. Torrance, 25 N. Y. 306, 312, supra; Ettlinger v. National Sur, Co., 221 N. Y. 467, 469-470; Elliott v. Brady, 192 N. Y. 221, 225-226, supra). “ It has also been said *59 that the principal’s claim may exceed that of the creditor and that, if the surety were permitted to assert the claim, the court would be placed in the unsupportable position of granting a judgment for such excess to the surety, who is not entitled to it, or to the principal, who is not a party to the action. The additional argument has been advanced that, if the surety were permitted to try the principal’s claim for breach of warranty, the courts judgment as to whether there was in fact a breach, and the amount of damages, would be conclusive on the principal, who was not a party to the action.” (Stearns, Law of Suretyship [Elder’s Rev., 5th ed.], § 7.21, p. 234.)
I agree with the courts below that no competent proof placed any fact in issue in this case and consequently summary judgments were properly granted in favor of the Walcutts against Clevite and Richmond, and in favor of Clevite over against Richmond,
Chief Judge Desmond and Judges Dye and Van Voorhis concur with Judge Soileppi; Judge Fuld concurs in a separate opinion; Judge Foster dissents in an opinion in which Judge Burke concurs.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, Avith costs to appellant Richmond against Walcutt and Clevite Corporation, and with costs to Walcutt against Clevite Corporation.