■ RUSSELL FULMER et al., Doing Business as CONSOLIDATED ENTERPRISES, Respondents, v. RALPH SOVOCOOL, Appellant.— GIBSON, P. J. Appeal from an order of the Supreme Court which denied defendant's motion, in an action to foreclose a mechanic's lien, to sever the claims of defendant asserted by counterclaims set forth in the answer and to direct jury trial thereof; one counterclaim being for fraud inducing the building contract underlying plaintiffs' claim; and the other being interposed to have the lien declared void and for damages, pursuant to sections 39 and 39-a of the Lien Law, for willful exaggeration of the amount

claimed. On the motion defendant sought severance on the ground that a verdict in his favor on his claim of fraud and misrepresentation "would be dispositive" of plaintiffs' claim. It is true, of course, that the court's discretion may be exercised to sever a counterclaim and to order the trial of the issue thus severed prior to the trial of the other issues (CPLR 603); when such a counterclaim does not involve the merits of plaintiffs' cause of action (*Strauss & Co.* v. *American Credit Ind. Co.,* 203 App. Div. 361, 363) and if defendant's recovery thereon will defeat plaintiffs' claim and render trial thereof unnecessary (*Flynn* v. *Royal Development Co.,* 265 App. Div. 592; *Strauss, supra*; 7 Carmody-Wait 2d, New York Practice, § 52:5). It is by no means certain, however, that recovery on the counterclaim based on fraud, which does not demand rescission, but alleges and asks unliquidated damages, would completely defeat plaintiffs' claim and end the litigation; and this is rendered particularly doubtful by reason of defendant's admissions in paragraphs "2" and "13" of his answer that plaintiffs furnished some portion of the materials and labor required by the contract and sought to be recovered for in the action. It follows that severance of this counterclaim was properly denied. Appellant does not now urge a right to severance of his counterclaim for willful exaggeration, which is inextricably related to the plaintiffs' cause of action, so that separate trials would involve largely the same facts; and, in consequence, severance of that counterclaim was also properly denied. (*Romania* v. *Lamport & Holt,* 207 App. Div. 861.) Appellant, mounting an additional attack, would have us determine, on this collateral motion, that the notice of lien which is the subject of the action is invalid for lack of verification, with the result, he contends, that the action would become, or at least would be limited to, a cause of action to recover a sum of money only, in which form of action defendant's right to a jury trial would ordinarily be absolute. Such a determination may only be made upon appropriate motion and direct attack, or upon a trial; and a determination here, purportedly for purposes of the present application only, would be a futile act, even if it were a proper one. It may also be noted, though not as necessary to our decision, that having set forth the counterclaim in his answer in the foreclosure action, defendant is "deemed to have waived a trial by jury of the issues raised thereby." (Lien Law, § 45; *S. Klein, Inc.* v. *New Deal Bldg. Corp.,* 171 Misc. 1058, per FROESSEL, J.) As authority for urging a different result in this case, appellant relies on statements in *Di Menna* v. *Cooper & Evans Co.* (220 N. Y 391, 395) but the decision in that case antedated the amendment of section 45 by the enactment of the above-quoted waiver provision by chapter 515 of the Laws of 1929. Order affirmed, with costs to appellant. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.