■ EDITH L. HARSHBARGER, Appellant, v. THAD R. HARSHBARGER, Respondent.— In an action for separation, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered February 25, 1971, as, on reargument, adhered to the court's original order, entered February 1, 1971, granting her motion for temporary alimony, child support, counsel fees, etc., to a limited extent. Order affirmed insofar as appealed from, without costs. The best protection for a spouse in a case such as this is to seek a speedy trial in which the facts can be fully developed. An award of temporary alimony should have no effect upon the Trial Judge in his determination as to the amount of permanent alimony to be awarded (cf. *Leonard* v. *Leonard*, 1 A D 2d 981). Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.

■ FRANK HUTTICK, Plaintiff, v. BIOGRAPH REALTY CORP., Defendant and Third-Party Plaintiff-Appellant. PARAMOUNT PICTURES CORP., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, the defendant and third-party plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County, dated March 23, 1971, as granted the third-party defendant's motion to sever the third-party action and (2) from so much of an order of the same court, entered April 30, 1971, as, on reconsideration, adhered to the original decision. Appeal from order of March 23, 1971 dismissed as academic. That order was superseded by the order entered April 30, 1971. Order entered April 30, 1971 reversed insofar as appealed from, and third-party defendant's motion for severence denied. Appellant is granted a single bill of $10 costs and disbursements to cover both appeals. Granting of the severance was an improvident exercise of discretion. Common questions of law and fact exist. Pretrial discovery procedures have been substantially accomplished. No prejudice to a substantial right of any party has been demonstrated. The advantages of having all the issues tried in one action, and the resultant avoidance of a multiplicity of suits, require that the claims be tried together. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of JACK MERI, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding to review respondent's determination, dated January 21, 1971, which suspended petitioner's special on-premises liquor license for 10 days and imposed a $500 demand upon petitioner's bond. Determination annulled, on the law, with costs, and charges against petitioner dismissed. The findings by respondent that petitioner was guilty of a violation of subdivision 5 of section 106 of the Alcoholic Beverage Control Law in that alcoholic beverages were sold, offered for sale or given away during prohibited hours, and the other findings related thereto, are not based upon substantial proof. Hopkins, Acting P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.