Robert C. Williams, J.
Plaintiff moves for a protective order changing the venue of plaintiff’s examination before trial. Plaintiff also moves for an order allowing it to serve its bill of particulars after the conducting of the examination before trial of defendant. Defendant First National City Bank cross-moves for a protective order changing the venue of defendant’s examination before trial and also for an order limiting the production of defendant’s books and records at said examination.
This is an action to foreclose a mechanic’s lien. Defendant First National City Bank (hereinafter referred to as defendant) is the holder of a prior recorded building loan mortgage. Plaintiff contends that its lien is superior to defendant’s lien by reason of alleged violations by defendant of section 22 of the Lien Law.
This action has its venue in Ulster County, the situs of the real property in question. Plaintiff is a resident of Rockland County. Defendant resides in New York County. Plaintiff has noticed the venue of defendant’s examination for Ulster County. Said county is proper under CPLR 3110. Defendant has noticed the venue of plaintiff’s examination for New York County. Said county is improper under CPLR 3110. Defendant’s contention that it may only be examined in New York County since it is a national bank under section 94 of title 12 *497 of the United States Code is without merit since said section applies only to the venue of "actions” or "proceedings”. To accommodate and convenience both parties and their attorneys, both examinations shall be held at the Rockland County Courthouse at a mutually convenient time and date.
Plaintiff alleges that it has no information at present to enable it to answer defendant’s demand for a bill of particulars. Plaintiff claims this information is solely under the control of the defendant and will be elucidated at defendant’s examination. It appears this contention may be only partially correct. Demands 1(a) (1), (2), (3) are matters of public record and can be ascertained by plaintiff before an examination. Demand 1(a)(6) has been partially answered by plaintiff in its affirmation on this motion wherein it is alleged that defendants have misstated the net sum available to the borrower by $82,000. When a pleader can supply certain of demands for a bill of particulars without examination before trial, better practice requires that he should do so to the extent of his ability and state therein that a supplemental bill of particulars will be served on completion of examination before trial. (Cornell v Mor-Nell Development Corp., 43 Misc 2d 1086.) Therefore, plaintiff must answer demands 1(a)(1), (2), (3) and as much of 1(a)(6) as it has present knowledge of before the conducting of defendant’s examination. The remaining demands may be answered subsequent to said examination.
Defendant contends that plaintiff’s notice demanding the production of books and records at the examination is too broad. The court agrees. The only allegation in the complaint against defendant is that defendant has violated section 22 of the Lien Law. Thus the only records defendant must produce are those records relevant to the preparation and substantiation of the defendant’s section 22 loan contract statement. Thus defendant must only produce those records which show or substantiate, "the consideration paid, or to be paid, for the loan described therein, and showing all other expenses, if any, incurred, or to be incurred in connection therewith, and the net sum available to the borrower for the improvement, and * * * any subsequent modification”. (Lien Law, § 22.)
Accordingly, the motion and cross motion are decided as follows:
1. The examination before trial of both plaintiff and defendant shall be held at the Rockland County Courthouse at a time and date to be mutually agreed upon by the parties. If no *498 such agreement can be reached, the court will set such a time and date and will provide for same in the order herein.
2. Plaintiff shall forthwith respond to demands 1(a)(1), (2), (3) and to demand 1(a)(6) of the defendant’s demand for a bill of particulars to the best of its present ability. Plaintiff shall serve a supplemental bill, responding in full to the remaining demands after the completion of the examination before trial.
3. Defendant shall produce at said examination those records relevant only to their section 22 of the Lien Law statement consistent with the dictates of this decision.