TAYLOR & JENNINGS, INC., Plaintiff, v BELLINO BROS. CONSTRUCTION CO., INC., Defendant. (Action No. 1.)

BELLINO BROS. CONSTRUCTION CO., INC., Appellant, v TRAVELERS INDEMNITY COMPANY, Defendant and Third-Party Plaintiff-Respondent; TAYLOR & JENNINGS, INC., et al., Third-Party Defendants-Respondents. (Action No. 2.)

Third Department, April 7, 1977

*Scapolito, Solinger & O'Brien (George W. Scapolito* of counsel), for appellant.

*Hynes & Diamond (Robert J. Gogick* and *Francis P. Donelan* of counsel), for defendant and third-party plaintiff-respondent.

*Palmer, Hankin, Peyton & Hanifin* for third-party defendants-respondents.

GREENBLOTT, J. Appellant, Bellino Bros. Construction Co., Inc., as contractor on a public works project in the Borough of Naugatuck, Connecticut, entered into a subcontract, dated July 2, 1970, with third-party defendant Taylor & Jennings, Inc., whereby the latter was to construct a portion of a sewer system in Naugatuck. Defendant, the Travelers Indemnity Company, issued a performance bond on the subcontract naming appellant as obligee. The third-party defendant did not complete its portion of the sewer project and after halting its work, commenced Action No. 1 against appellant for rescission of the subcontract and damages for the breach of the subcontract and fraud in the inducement of the subcontract. Thereafter, appellant commenced Action No. 2 for judgment on defendant's performance bond. Defendant set up various affirmative defenses to appellant's action and instituted the third-party action. Appellant appeals from denial of its motion for summary judgment in Action No. 2 and/or severance of Action No. 1 and Action No. 2.

Bellino Bros. contends that none of the defenses of Taylor & Jennings, Inc. on the subcontract, including fraud in the inducement, is available to the Travelers as surety when sued by Bellino, the obligee on the performance bond contract. It further contends that there was no material alteration of the subcontract which would release Travelers from its suretyship contract and that Special Term improvidently exercised its

discretion in denying the motion for severance. Travelers contends that the defense of fraud in the inducement of the subcontract is available to it as surety because the principal on the performance bond contract (third-party defendant Taylor & Jennings) has commenced an action (Action No. 1) in which it seeks rescission of the subcontract on the ground of fraud in the inducement. It also contends that it has been released as surety because of alleged material alterations in the subcontract without its approval or knowledge. Defendant finally contends that the motion for severance was properly denied.

The subcontract between Bellino and Taylor & Jennings is dated July 2, 1970 and requires Taylor & Jennings to furnish at its own cost a performance and payment bond in the amount of $115,000 which the latter procured from Travelers the same date. The subcontract is specifically incorporated by reference into the performance bond, and payment on the bond is conditioned upon, *inter alia,* appellant's performance of its obligations under the subcontract. Bellino's contention is that Taylor & Jennings began work on its portion of the sewer line on July 8, 1970 and abandoned the job on October 21, 1970 after completing between 40% and 50% of the work required under the subcontract. Taylor & Jennings alleges that it actually began work before the contract was executed and that it was induced to enter the contract by fraudulent misrepresentations by Bellino's officers. Bellino alleges it completed the subcontract work, at a cost of $208,789.47, of which only $67,729.49 was paid by the Borough of Naugatuck and Bellino seeks to recover $115,000 of the difference on Travelers' performance bond.

In its answer to Bellino's complaint Travelers set forth 10 separate affirmative defenses, three of which are based upon Bellino's alleged fraud in inducing Taylor & Jennings to enter the subcontract which Travelers therefore claims is void and of no effect. Defendant also asserts as affirmative defenses plaintiff's alleged breach of the subcontract, mutual or unilateral mistake and fraud on the part of Bellino as to the terms of the subcontract, and material alterations in the terms of the subcontract. Defendant further asserts as an affirmative defense and as a setoff the damages suffered by Taylor & Jennings because of plaintiff's fraud and breach of the subcontract.

It is true that the general rule in New York is that a surety

may not assert an independent cause of action existing in favor of its principal as a defense or counterclaim against the creditor on the principal contract when it is sued alone on its guarantee *(Walcutt v Clevite Corp.,* 13 NY2d 48; *Ettlinger v National Sur. Co.,* 221 NY 467). The purpose of this rule is clearly to protect the principal by giving him absolute freedom to use (or not to use) his cause of action most beneficially to himself (e.g., *Walcutt v Clevite Corp., supra,* pp 55-56; *Ettlinger v National Sur. Co., supra,* p 470). It is not designed to aid a creditor who has breached the principal contract or induced the principal to enter the contract by fraudulent misrepresentations.

There are, however, exceptions to the general rule. The principal may consent to the use of its cause of action on the principal contract as a defense by the surety when sued by the creditor on the contract of guarantee (cf. *Psaty & Fuhrman v Continental Cas. Co.,* 278 App Div 159). A surety may also assert the defense of fraud in the inducement of the principal contract once the principal has decided to seek rescission of the contract *(Taylor-Fichter Steel Constr. Co. v Fidelity & Cas. Co. of N.Y.,* 258 App Div 235). It is under this last exception that defendant claims that it falls. In its brief it argues its right to assert the defense of fraud in the inducement of the subcontract.

*Taylor-Fichter Steel Constr. Co. v Fidelity & Cas. Co. of N.Y. (supra)* involved facts very similar to those involved in the present case. A general contractor on a public works project sued the surety of its subcontractor on a performance bond on the subcontract. The surety defended on the ground that the general contractor had induced the subcontractor to enter the subcontract by fraudulent misrepresentations and alleged that the subcontractor had legally rescinded the contract by instituting an action in Texas in disaffirmance of the subcontract. The court held that such a defense could be asserted in the circumstances of that case since the principal had already elected the remedy of rescission.

In the instant case third-party defendant Taylor & Jennings has sued appellant on six causes of action, including fraud in the inducement of the subcontract. Because third-party defendant seeks rescission on only one of the causes of action which it is asserting in Action No. 1, Bellino contends that it has not yet elected its remedy and disaffirmed the subcontract. We disagree. On the fourth cause of action in its complaint in

Action No. 1 third-party defendant Taylor & Jennings, Inc. specifically seeks to have the subcontract set aside and declared null and void. The fact that Taylor & Jennings Inc. seeks other relief as well as rescission should not prevent Travelers from asserting the defense of fraud in the inducement of the subcontract against plaintiff. A claim for damages suffered as a result of fraud in the inducement of a contract is no longer deemed inconsistent with a claim for rescission of the contract, and complete relief may be obtained in a single action. (CPLR 3002, subd [e].) Thus Special Term properly denied summary judgment because triable issues of fact on Travelers' defenses are properly asserted.

Appellant further contends that because neither it nor Taylor & Jennings has made any effort to place Action No. 1 and Action No. 2 on the court calendar since the joint trial of the two actions was ordered on November 27, 1972, that the interests of justice and speedy resolution of Action No. 2 require that it be severed from Action No. 1 and remitted to Westchester County where it was commenced. Appellant alleges that it has taken no previous action in this regard because of an "office failure".

Because of defendant and Taylor & Jennings' alleged "delaying tactics" appellant contends that the interests of justice require severance. In fact, however, the interests of justice require a joint trial. The only way in which complete relief can be granted is to have all parties before the same court. To require severance of the action would cause duplication and multiplicity of actions. While severance may sometimes be required where a party completely delays in commencing a third-party action until a trial of the first action is near (*Vita Food Prods. v Epstein & Sons,* 52 AD2d 522; *Todd v Gull Contr. Co.,* 22 AD2d 904), this is not the case on the instant motion. There are questions of fact common to both actions (e.g., *Huttick v Biograph Realty Corp.,* 37 AD2d 597) and Special Term clearly did not improvidently exercise its discretion in denying the motion for severance (cf. *Fulmer v Sovocool,* 26 AD2d 889).

The order should be affirmed, with one bill of costs to respondents filing briefs.

KOREMAN, P. J., SWEENEY, MAIN and HERLIHY, JJ., concur.

Order affirmed, with one bill of costs to respondents filing briefs.