■ CAFIL HOMES, INC., Respondent, v NICHOLAS IHASZ et al., Appellants. (Action No. 1.) GEORGE MURPHY, Respondent, v NICHOLAS IHASZ, Appellant. (Action No. 2.) — In two actions arising out of alterations and additions to defendants' premises, defendants appeal from an order of the Supreme Court, Nassau County (Velsor, J.), dated January 16, 1984, which denied removal of a Nassau County District Court action (action No. 2) to the Supreme Court, Nassau County, and consolidation thereof with a pending Supreme Court action (action No. 1).

Order reversed, with costs payable by the respondents to the appellants, and motion to remove action No. 2 to the Supreme Court, Nassau County, and for consolidation thereof with action No. 1 pending therein, granted.

In connection with certain alterations and additions to defendants' premises, defendants entered into an agreement dated September 25, 1980 with plaintiff in action No. 2, George Murphy, whereby defendants agreed to pay Murphy, as agent, a fee of 15% of the total costs of the alterations and additions for obtaining a contractor to do the work, and to oversee the contractor's performance. Four thousand dollars was payable on November 25, 1980 and the balance upon completion of the work. Murphy subsequently agreed to charge a fee on the basis of a total cost of $65,000, or $9,750.

On September 27, 1980, defendants entered into a contract with Cafil Homes, Inc. (Cafil), plaintiff in action No. 1, to perform all the work required for construction of the alterations and additions. The contract was witnessed by Murphy. Cafil commenced work on November 15, 1980 and claimed it completed the work on September 30, 1981. On January 22, 1982, Cafil filed a mechanic's lien against defendants' property in the sum of $20,630, representing the balance due upon completion of the work contracted for and additions thereto requested by defendants. An action to foreclose the mechanic's lien was commenced in the Supreme Court, Nassau County, on or about April 29, 1982. On May 1, 1982, Murphy commenced his action to recover the balance due him and for attorney's fees.

Both actions arise out of the alterations and additions to defendants' premises; the issue of proper completion of the work involved is precisely the same in both actions. Presumably, the same witnesses will testify at both trials, all the parties reside in Nassau County and both actions were commenced within two days of each other. Under all the circumstances, it was an improvident exercise of discretion to deny the motion, *inter alia,* to consolidate the actions (*Preiss v Brannigan,* 6 AD2d 1046). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.