■ EDWARD JOY Co., INC., Respondent, v McGUIRE & BENNETT, INC., Appellant. (Appeal No. 1.) [608 NYS2d 134] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Change of Venue.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.

■ EDWARD JOY Co., INC., Respondent, v McGUIRE & BENNETT, INC., Appellant. (Appeal No. 2.) [608 NYS2d 26] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court abused its discretion in severing plaintiff's mechanic's lien cause of action from the breach of contract causes of action and in denying defendant's motion for a change of venue with respect to the related causes of action for breach of contract. Because a mechanic's lien is an encumbrance on real property *(see, Matter of Niagara Venture v Sicoli & Massaro,* 77 NY2d 175, 180), an action to foreclose such lien must be brought in the county in which the real property is located *(see,* CPLR 507; *Reichenbach v Corn Exch. Bank Trust Co.,* 249 App Div 539, 541). Thus, the court properly granted plaintiff's motion for a change of venue on the cause of action to foreclose the mechanic's lien on the real property *(see, Sambur v Fidelity & Deposit Co.,* 46 NYS2d 370, 373; *see also, Warriner Smith Util. v Intercoast Ellenville Assocs.,* 85 Misc 2d 495, 496).

Because the same facts and law underlie plaintiff's breach of

contract causes of action and its lien foreclosure cause of action, those causes of action should not have been severed. The causes of action all arise out of the performance of the subcontract, and, presumably, the same witnesses will testify at both trials. Under those circumstances, it would be a waste of judicial time and resources to require two separate trials. Thus, we conclude that the interest of justice requires one trial to resolve all causes of action (*see, Paddock Constr. v Thomason Indus. Corp.*, 133 AD2d 20, 23; *Cafil Homes v Ihasz*, 104 AD2d 961; *Taylor & Jennings v Bellino Bros. Constr. Co.*, 57 AD2d 42, 46; *Fulmer v Sovocool*, 26 AD2d 889).

Thus, we modify the order appealed from by vacating that part of the first ordering paragraph severing the fourth cause of action and by granting defendant's motion for a change of venue to Tompkins County. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Change of Venue.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.