■ RAMON VASQUEZ et al., Appellants, v G.A.P.L.W. REALTY, INC., Respondent and Third-Party Plaintiff. RENEWAL ARTS CONTRACTING, INC., Third-Party Defendant-Respondent. [679 NYS2d 140] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 27, 1998, which, in an action under Labor Law § 240 (1), denied plaintiffs' motion to dismiss defendant's and third-party defendant's recalcitrant worker defense on the ground that it had not been pleaded and for summary judgment upon dismissal of such defense, or, in the alternative, to compel post-note-of-issue disclosure as to such defense and to sever the third-party action, unanimously affirmed, without costs.

Assuming arguendo the allegation in the answers of "plaintiff's culpable conduct" was insufficient to raise a "recalcitrant worker" defense (*cf., Stolt v General Foods Corp.*, 81 NY2d 918), we nevertheless affirm, on the ground that plaintiffs waived objection to any such pleading defect by addressing the recalcitrant worker defense at length on the merits on the prior motion for summary judgment (*see*, 236 AD2d 311). Under the circumstances, plaintiffs' present motion was an improper

second summary judgment motion unjustified by any newly discovered evidence or other sufficient cause (*compare, National Enters. Corp. v Dechert Price & Rhoads*, 246 AD2d 481, 482 *with Boston Concessions Group v Criterion Ctr. Corp.*, 250 AD2d 435). Plaintiffs' claimed unawareness of the recalcitrant worker defense at the time they cut off further disclosure by filing a note of issue is not a " ' "special, unusual or extraordinary circumstance" ' " warranting post-note-of-issue disclosure (*Grant v Wainer*, 179 AD2d 364, 365). Severance of the claim for contribution and indemnification was properly denied in the interest of judicial economy (*see, Huttick v Biograph Realty Corp.*, 37 AD2d 597). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.