MADISON AVENUE PROPERTIES CORP., Respondent, *v.* ROYAL INSURANCE COMPANY, LIMITED, et al., Defendants and Third-Party Plaintiffs-Appellants. ARC ELECTRICAL CONSTRUCTION Co., INC., Third-Party Defendant-Respondent.

First Department, April 14, 1953.

*Lester R. Bachner* of counsel (*Koenig & Bachner,* attorneys), for respondent.

*Samuel A. Berger* of counsel (*Abraham Kaplan* and *Irwin Leibowitz* with him on the brief; *Powers Kaplan & Berger,* attorneys), for third-party plaintiffs-appellants.

*John J. O'Connell* of counsel (*Maurice Rosenberg* and *Armin R. St. George* with him on the brief; *John P. Smith,* attorney), *Cravath, Swaine & Moore,* trial counsel for third-party defendant-respondent.

COHN, J. Plaintiff (hereafter called Madison) the owner of a leasehold on a building brought this action to recover on fire insurance policies issued by defendant insurance companies for loss resulting from fire. On May 9, 1951, a casualty, which plaintiff claims was a fire, originated in the switchboard room, in the basement of Madison's building. In their answer defendants affirmatively plead that the loss to plaintiff was the result of an electrical disturbance, that no fire ensued, and that as provided in the policies in such case, defendants are not liable.

Following the service of their answers to Madison's complaint the insurance companies, as third-party plaintiffs brought in the Arc Electrical Construction Co., Inc. (hereafter called Arc) as a third-party defendant. The third-party complaint pleads two causes of action which Madison has against Arc, namely: negligence and breach of contract between Arc and the general contractor, Uris Brothers, to which causes of action the insurance companies will become subrogated, if Madison recovers against them and such recovery is paid. The insurance companies, as third-party plaintiffs, seek recovery over against Arc upon payment of any judgment recovered against them by Madison.

The negligence count in the third-party complaint is based upon the allegation that Arc, as subcontractor of Uris Brothers on the electrical work in the building, negligently installed and maintained the switching equipment as a result of which the loss sustained by plaintiff occurred.

On the breach of contract count it is alleged that plaintiff Madison was a third-party beneficiary of a subcontract between Arc and Uris Brothers to the extent that Arc covenanted to indemnify plaintiff Madison against any damage resulting from any defective or improper work on its part.

The third-party complaint, on motion of Arc, was dismissed for insufficiency. This appeal is taken from the order of dismissal and the judgment entered thereon.

In granting the motion to dismiss the third-party complaint, the court held that the insurance companies had no present cause of action against a third party by way of subrogation; that the insurers are not subrogated to the rights of the insured until they have actually paid the insured or until they have received an assignment of its rights against the third party; and that the insurance companies should be relegated to a separate action against Arc after payment by them of the claims of Madison.

The question presented on this appeal is: Can an insurer, sued on a policy of fire insurance, contest its liability and implead (Civ. Prac. Act, § 193-a) a third party responsible to the insured for the casualty because of negligence and breach of contract, the insurer alleging that it becomes subrogated to the insured's rights if it is held liable to insured and pays any recovery against it?

Subdivision 1 of section 193-a of the Civil Practice Act provides: "After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint. The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff."

This section was enacted to avoid multiplicity of suits and to enable several controversies to be tried at one time, thereby saving time and expense for the parties and court.

Under the express language of this statute, a party "who is or *may be* liable to him for all or part of the plaintiff's claim" (italics ours) may be joined by the defendant as a third-party defendant. Absolute liability need not be alleged. It is sufficient to assert the possibility of liability. The third-party claim "must be related to the main action by a question of law or fact common to both controversies" but need not rest upon the same cause of action or the same ground as the claim asserted against the third party. Applying these principles to the case at bar, Arc "may be liable", to defendant insurance companies, for all or part of Madison's claim against them. If Madison recovers against insurance companies, the latter, by subrogation, may recover the amount paid to Madison because of Arc's negligence or breach of contract, or both. In such circumstances, impleader is proper. (*B.M.C. Mfg. Corp.* v. *Tarshis,* 278 App. Div. 266, 268 [BERGAN, J.]; *Oswego County* v. *American Sur. Co.,* 63 N. Y. S. 2d 723, affd. 272 App. Div. 862). This court expressed the same view in *Psaty & Fuhrman, Inc.,* v. *Continental Cas. Co.* (278 App. Div. 159, 161), where it was stated (SHIENTAG, J.): "Section 193-a of the Civil Practice Act was enacted in recognition of the value of impleader as a method of increasing the efficiency of the judicial process.

* * * The statute permits bringing in of any person who may be liable to the defendant for all or part of the plaintiff's claim. Here the third-party defendants, one as the principal under the bond, the others under the alleged indemnity agreement, would clearly be liable over to the surety for the amount of the plaintiffs' claim. This is precisely the situation for which the impleader statute was designed.''

In making its recommendation to the Legislature to permit the impleading of a third party who '' *is or may be* '' liable over to defendant, which proposal was enacted into law (L. 1946, ch. 971) the Judicial Council (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 202–203) stated: '' In view of the restrictive significance which thus has been attributed to the phrase ' is or will be liable ' in the present statute, the proposed substitution of the phrase ' is or may be liable ' should result in a liberalization of the present practice. It would also make it clear that impleader is proper even in the absence of a present and absolute liability over where the defendant's right to reimbursement or exoneration depends upon rendition and discharge of a judgment against him.''

Section 193-a (formerly § 193) of the Civil Practice Act is a remedial statute and should receive a liberal construction (*125 W. 45th St. Restaurant Corp.* v. *Framax Realty Corp.,* 249 App. Div. 589, 590).

Common questions of fact are involved here in the main action and the third-party action. Each involves the casualty which Madison claims destroyed its property by fire. Defendant insurance companies deny liability to Madison and claim the casualty was not a fire but an electrical disturbance for which there is no coverage in their policies. In their third-party complaint, the insurance companies allege however that if a fire did in fact take place and they are compelled to make good the loss to Madison, then they should be compensated for any payment to Madison because the fire was caused by Arc's negligence and its breach of contract for which it is liable to Madison and to which claim insurance companies would thus become subrogated. The proof of the facts concerning the casualty and the negligent acts of Arc causing the casualty will be similar.

The insurance companies specifically condition any judgment over against Arc upon payment of any judgment recovered by Madison against them. Section 193-a of the Civil Practice Act was enacted to avoid two trials of controversies, such as these, having common questions of fact.

The third-party defendant, Arc, in seeking to uphold the Special Term's determination contends that the dismissal was a proper exercise of the court's discretion because impleader in cases of this kind will enable insurers to resist payment of claims in that the procedure will greatly lengthen trials and confuse the issues. Such an argument might have some force if it were advanced by the plaintiff insured. However, plaintiff Madison is in complete accord with appellants' view of the law applicable on this appeal and in its brief states '' that the interests of justice will best be served by a reversal of the judgment and order ''.

It is further asserted by Arc that even if the third-party action were maintainable, it would have to be stayed pending arbitration. This contention is based upon a provision of the Arc-Uris contract which provides for the arbitration of any controversy or claim arising out of or relating to the subcontract. Upon the facts set forth in the record it appears that Arc waived its right to compel arbitration by interposing an answer to the third-party complaint and taking affirmative steps in defense of the action. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15, 19, 20.)

Accordingly, the order and judgment should be reversed and the motion to dismiss the third-party complaint should be denied, with costs.

Callahan and Van Voorhis, JJ. (dissenting). We consider that this is not a proper case for the cross action pleaded, first, because of the contingent nature of the right of subrogation. Impleading persons who are or may be liable over to fire insurance companies, when and if the insurance company pays the loss, is likely to result in uncalled for litigation between insurer and insured, in order to postpone payment of legitimate claims while issues of negligence are being tried in which the insured has no interest. The language that third-party defendants may be joined who '' are or may be liable '' to indemnify the primary defendant, connotes situations where there is a debatable issue concerning the liability of the indemnitor on the facts as they exist; if, on the basis of facts that have already taken place, there is a question whether the third party may be liable, joinder is proper. It can hardly have been the intention of subdivision 1 of section 193-a of the Civil Practice Act, however, to authorize joinder of third-party defendants who cannot possibly be liable to the insurer, unless some event happens which is not inevitable and has not happened yet. The third-

party plaintiff must have, at least, some color of a present cause of action. The rule that subrogation does not occur until the insurance company has paid the loss (*Ocean A. & G. Corp.* v. *Hooker Electrochemical Co.,* 240 N. Y. 37) was designed, as it seems to us, to serve a wise purpose in this sort of situation.

Moreover, the third-party defendant was entitled to avail itself of the arbitration clause in its construction contract. It should not be held to have waived arbitration for the reason that application was not made to arbitrate a claim which, concededly, has not yet come into existence. No claim was asserted against the third-party defendant by plaintiff, nor by Uris Brothers, with whom it contracted, nor could any claim be made by the insurance company until it had paid the loss. Therefore no arbitrable dispute has arisen, and an application for arbitration would have been premature. Waiver cannot result from failing to move when there was nothing to arbitrate.

We dissent and vote to affirm.

PECK, P. J., and BERGAN, J., concur with COHN, J.; CALLAHAN and VAN VOORHIS, JJ., dissent and vote to affirm, in opinion.

Judgment and order reversed and the motion to dismiss the third-party complaint denied, with costs. [See *post,* p. 1030.]