Morris E. Spector, J.
The plaintiff moves to dismiss the third-party complaint served by defendant Cowen & Co., or, in the alternative, to order a separate trial of the issues raised by it on the ground that the impleader will unduly delay the main action and thereby prejudice plaintiff.
The main action is by the plaintiff, holder of “ put ” option contracts, to recover proceeds on said contracts indorsed by the defendants. Plaintiff had purchased stock in E. L. Bruce & Co.; to protect itself in the event of a decrease in the market price, it purchased the “ put ” contracts involved herein as a hedge. The Securities and Exchange Commission suspended trading in said stock. Thereafter, the “ put ” contracts were tendered to defendants who refused to honor them.
*46 The third-party complaint was served against defendant’s customer which instructed defendant not to honor the contracts and its president and his sister who are guarantors of the customer’s account.
The plaintiff contends on this motion that it is entitled to a prompt trial unimpeded by claims over, that confusion, delay and prejudice will result from the impleader and that the impleader is improper as defendant’s claims over are arbitrable.
Section 193-a of the Civil Practice Act permits a defendant to bring in a person not a party who is or may be liable to him for all or part of the plaintiff’s claim against him. The claim over must be related to the main action by common questions of law or fact, but not necessarily resting on the same cause of action or the same ground asserted against the defendant, third-party plaintiff.
By subdivision 4 of said section, the court may, in the exercise of discretion, dismiss the third-party complaint without prejudice to the institution of a new action or order a separate trial of the issues or other relief. Further, the court should consider whether the third-party action will unduly delay the main action or prejudice any party to the action.
On the papers submitted on this motion, the court is of the opinion that the movant has failed to assert facts to support its contentions. With respect to the negotiable nature of the ‘ ‘ put ’ ’ contract, the courts have held that “ ‘put’ is a term used by speculators in the stock market to designate a contract by which one of the parties thereto purchases at a fixed sum a privilege to deliver certain stock or grain within a definite period of time ” (Colston v. Burnet, 59 F. 2d 867, 868). Or more simply, “ an agreement to purchase is called a ‘ put ’ ” (Dillon Read & Co. v. Hoey, 45 F. Supp. 475, 477). The court has been unable to discover any case in which it has been described as a negotiable instrument, nor has the plaintiff cited any. Finally, on this point, it has not been shown that the “put” contracts are negotiable instruments within the purview of section 20 of the Negotiable Instruments Law. Accordingly, these contracts should not be afforded such procedural dispatch as plaintiff claims.
Nor has the plaintiff clearly stated how it will be prejudiced and has failed to state cogent facts concerning confusion or undue delay. It has been asserted that the plaintiff is exposed to economic loss. No facts are shown to sustain that contention and on a prior proceeding in this matter this court has held that such claim was “purely speculative” (N. Y. L. J., Sept. 12, 1962, p. 12, col. 2).
*47 Nor has the movant shown that there will be an undue delay due to pretrial procedures or confusion at the trial due to the proofs to be submitted at the trial by the third-party plaintiff. The anticipated delay or confusion does not leave the plaintiff without remedy. Pursuant to section 96 of the Civil Practice Act, an application for a severance could be made if an inordinate delay developed or if at any stage of the proceedings plaintiff showed actual prejudice (Kelly v. Yannotti, 4 N Y 2d 603).
Finally, there is no merit to the plaintiff’s argument that the impleader is improper as the claims asserted in the third-party complaint are arbitrable. Arbitration does not oust the court of jurisdiction if the parties select the court in lieu of arbitration (Madison Ave. Props. Corp. v. Royal Ins. Co., 281 App. Div. 641).
The purpose of section 193-a of the Civil Practice Act is to avoid circuity of action, to expedite the disposition of litigation and to nurture a speedy less expensive administration of justice (Kelly v. Yannotti, supra).
Here, the third-party plaintiff has shown that the third-party defendant is or may be liable to him and that the claim is related to the main action by common questions of law and fact. The plaintiff has failed to show that there will be an undue delay or prejudice to it. It therefore appears to the court that this is a classic case in which impleader should be allowed. Accordingly, the motion is in all respects denied.