SYDNEY KRAUSE, as Trustee for Creditors of D. R. COMENZO & Co., INC., Respondent, *v.* AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant; AMERICAN EXPRESS COMPANY, Third-Party Defendant-Respondent.

First Department, April 27, 1967.

*Covington Hardee* of counsel (*William C. Blind, Leonard P. Gaines, John T. Moran, Jr.,* and *David J. Sweet* with him on the brief; *Clark, Carr & Ellis,* attorneys), for defendant and third-party plaintiff-appellant.

*George J. Hirsch* of counsel (*Krause, Hirsch & Gross,* attorneys), for respondent.

*Edwin J. Wesely* of counsel (*Peter H. Kaminer* and *Arthur A. Munisteri* with him on the brief; *Winthrop, Stimson, Putnam & Roberts,* attorneys), for third-party defendant-respondent.

STEUER, J. Plaintiff is a trustee for the benefit of creditors of D. R. Comenzo & Co., Inc., a brokerage firm. Hereinafter the *cestui* will be referred to as plaintiff. Defendant, an insurance company, issued to plaintiff a broker's blanket bond insuring against certain losses. Plaintiff claims that it suffered such losses because of its extension of credit on certain warehouse receipts alleged to have been fraudulently issued by two warehouse companies. The receipts in question are a part of the notorious " salad oil swindle."

The third-party complaint is against American Express Company. For the purposes of these motions it is sufficiently described as alleging that the receipts were improperly issued by the two warehouse companies. It further alleges that the warehouse companies were under the dominion and control of defendant and that the former were instrumentalities of the latter. The fault of the warehouse companies is pleaded in various ways conforming to similar pleading in the plaintiff's complaint. The complaint demands that if plaintiff recovers against defendant, defendant, as third-party plaintiff, have the same recovery against the third-party defendant.

The contention of the third-party defendant is that in the third-party complaint the third-party plaintiff is suing as a subrogee and that, failing an allegation that it has paid its

insured's claim or any part thereof, its complaint is fatally defective. It is quite true that a subrogee may only enforce a claim against a third person for the damages suffered by its insured to the extent that it has already paid its insured's claim (*Glens Falls Ins. Co.* v. *Wood*, 8 N Y 2d 409, 412; *American Sur. Co. of N. Y.* v. *Palmer*, 240 N. Y. 63, 67). The question here is whether there is any change in this rule brought about by statute where a claim has already been asserted against the insurer and a suit on that claim is pending, and the insurer seeks to proceed by way of impleader rather than an independent action.

A defendant may proceed by way of third-party action against a person not a party to the suit " who is or may be liable to him for all or part of the plaintiff's claim against him " (CPLR 1007). The object of the legislation is to increase the efficiency of the judicial process (*Psaty & Fuhrman* v. *Continental Cas. Co.*, 278 App. Div. 159, 161*). Obviously, this purpose was sought to be accomplished by avoiding duplication of actions and allowing disposal of issues, where possible, in a single action (see *Madison Ave. Prop. Corp.* v. *Royal Ins. Co.*, 281 App. Div. 641, 645 *et seq.*; Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 58). Of course, the third-party plaintiff must have a cause of action against the third-party defendant. But the words " is or may be liable " have been generally construed to allow suit where the third-party plaintiff's cause of action would only mature when he was shown to be liable to the plaintiff (*Madison Ave. Prop. Corp.* v. *Royal Ins. Co., supra*; *Psaty & Fuhrman* v. *Continental Cas. Co., supra*). However, an insurer may covenant not to sue a third party until the insurer's liability is established and it has paid the claim, in which event proceeding by the way of third-party action is not available to it (*Ross* v. *Pawtucket Mut. Ins. Co.*, 13 N Y 2d 233). Special Term construed certain expressions in the *Ross* opinion as going beyond this situation and holding that a subrogee not only cannot sue until it has paid but also cannot take advantage of the provisions of CPLR 1007, even where it has not covenanted not to sue. The weight of authority does not so construe the opinion (*Lenzner Corp.* v. *Ætna Cas. & Sur. Co.*, 20 A D 2d 305; *50 New Walden* v. *Federal Ins. Co.*, 22 A D 2d 4; *Bunge Corp.* v. *London & Overseas Ins. Co.*, 64 Civ. 3440, D. C. S. D. N. Y.,

* The case refers to section 193-a of the Civil Practice Act which is the predecessor practice provision to CPLR 1007, and in respect to the subject under discussion no change was contemplated by the Legislature (First Preliminary Report of Advisory Committee on Practice and Procedure; N. Y. Legis. Doc., 1957, No. 6[b]).

May 6, 1965). Moreover, as Judge Sylvester Ryan pointed out in the last-cited opinion, subdivision (a) of rule 14 of the Federal Rules of Civil Procedure (which largely inspired CPLR 1007) has always been interpreted to allow an insurer to bring a third-party action before payment (*St. Paul Fire & Marine Ins. Co.* v. *United States Lines Co.*, 258 F. 2d 374). And as the opinion in *Lenzner* points out, the cross complaint in *Ross* involved the question of liability between joint tort-feasors, always a classic ground for denying relief by way of third-party action. Neither of the conditions — restriction in the policy and questions of liability between joint tort-feasors, and none of the " vexations inherent in the practice " (*Hartford Acc. & Ind. Co.* v. *First Nat. Bank,* 281 N. Y. 162, 169) — being present, the third-party complaint should be allowed to stand.

Both movants have an additional request for relief which, in view of the disposition below, was not passed upon. In the event of denial of the motion to dismiss the third-party complaint, each seeks a stay of the third-party action until complete resolution of his action is had. Undoubtedly the court has power to make whatever provision the interests of justice require in the particular situation (CPLR 1010). Two grounds are advanced for the relief requested. It appears that the trustee really represents the interests of three banks which are the main creditors of the debtor. These banks have entered into a stipulation with the third-party defendant in connection with other ramifications of the " salad oil scandal." Without going into the details of the stipulation, it is claimed that if the third-party action is allowed to proceed, recovery will be of no benefit to the banks and this action will be futile. We fail to see how this situation calls for any action on the part of the court. The fact that the benefits expected to accrue to the banks may be rendered nugatory plainly does not bar defendant from proceeding, and a stay will not change but only delay that eventuality. The second ground is that for defendant to succeed it will be necessary for it to establish liability on the third-party defendant by proving that the two corporations which issued the receipts were either alter egos of the defendant or acting as its agents. It is claimed that this is a monumental undertaking, necessarily involving great time and effort. We will assume that this is so.

It is, however, only significant if it serves to delay the main action. And we believe that proper provision should now be made to prevent any such result. While we deny any general stay of proceedings of the third-party complaint, the same shall be without prejudice to an application to sever the third-party

action in the event that the main action or any proceeding in it is sought to be delayed or adjourned by virtue of any proceeding in the third-party action or the incompleteness of any proceeding in that action.

Orders filed December 1, 1966, dismissing the third-party complaint should be reversed on the law and third-party complaint reinstated; motions insofar as a stay is requested should be denied without prejudice to an application to sever the third-party action in the event the trial or any proceeding therein is sought to be delayed or adjourned because of the pendency or incompleteness of any proceeding in the third-party action. No costs or disbursements should be allowed.

McGIVERN, J. (dissenting). I dissent and would affirm on the categorical language of *Ross* v. *Pawtucket Mut. Ins. Co.* (13 N Y 2d 233, 235) wherein it was held that where an insurer has not made any payments under a policy " it has not acquired the right or color of a present cause of action " in subrogation. In this case the insurer has not only not paid but contests liability. Its third-party action is premature.

If there were justification for a refusal to dismiss the third-party complaint, thus reaching the question of a stay, anything less than an absolute stay, until further order of the court, would be meaningless and not afford the plaintiff in the primary action and the third-party defendant the protection to which they are entitled. The issues between plaintiff in the primary action and the insurance company revolve around the bond issued by the latter. The insured purchased insurance against losses embraced in the bond, and such insurance never envisaged any delay in payment occasioned by endless litigation in which it had and has no direct concern. The issues raised by the insurer, defendant in the primary action, against the third-party defendant are completely tangential to the primary action. They have no bearing upon and do not affect the responsibility of the insurer to the insured. The attempt to interlock the myriad and complex issues raised in the third-party action with the essentially simple and legally unrelated issues of the primary action, to the prejudice of the plaintiff Krause and American Express, should not be countenanced.

STEVENS and TILZER, JJ., concur with STEUER, J.; McGIVERN, J., dissents in opinion, in which BOTEIN, P. J., concurs.

Orders entered on December 1, 1966, reversed, on the law, without costs or disbursements, and the motions to dismiss the third-party complaint denied and the third-party complaint rein-

stated; the motions, insofar as a stay is requested, are denied without prejudice to an application to sever the third-party action in the event the trial or any proceeding therein is sought to be delayed or adjourned because of the pendency or incompleteness of any proceeding in the third-party action.