■ TOWN OF WAPPINGER, Plaintiff, v REPUBLIC INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. RICHARD REISSLER, Third-Party Defendant-Respondent, et al., Third-Party Defendant. — In an action to recover upon a performance bond, defendant third-party plaintiff Republic Insurance Company appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated January 6, 1982, which denied its motion for summary judgment against third-party defendant Reissler in the principal amount of $32,601.28, said sum representing the amount of plaintiff's judgment against Republic in the main action. Order reversed, on the law, without

costs or disbursements, and motion granted to the extent that summary judgment is awarded to Republic conditioned upon Republic's payment to plaintiff of the full amount of the judgment rendered against it. Serenity Homes, Inc., sought and obtained approval for the subdivision of land in the Town of Wappinger. As a condition to said approval, Serenity agreed to provide improvements to the land including the construction of streets. Serenity and Richard Reissler as principals, and Republic Insurance Company as surety, executed a bond guaranteeing construction of said improvements pursuant to section 277 of the Town Law. The town sued Republic and Serenity, alleging failure of performance. Republic commenced a third-party action against Reissler and Serenity, the bond principals, to recover on a general indemnity agreement executed by these third-party defendants in favor of Republic. Reissler defaulted in appearance. Republic's motion for summary judgment against Reissler was granted on default by order of Justice Martin dated July 24, 1981. The order contained the provision that "[u]pon the filing of a hearing note of issue this action will be added to the calendar for inquest". Judgment was subsequently entered in favor of the town against Republic in the amount of $32,601.28. Republic then moved for a judgment against Reissler in the amount of $32,601.28. There was no opposition to the motion. The motion was denied by order of Justice Jiudice dated January 6, 1982, "in view of the decision and order of the Hon. Lawrence N. Martin, Jr., dated July 24, 1981". We disagree. Although technically a claim for indemnity does not arise until the prime obligation to pay has been established (*Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County,* 2 NY2d 413), for the sake of fairness and judicial economy, the CPLR allows third-party actions to be commenced in certain circumstances before they are technically ripe so that all parties may establish their rights and obligations in one action (*Krause v American Guar. & Liab. Ins. Co.,* 27 AD2d 353, affd 22 NY2d 147; *Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County, supra;* CPLR 1007). A third-party plaintiff may "obtain a conditional judgment fixing the potential liability without the need for payment until it is shown that the judgment in the principal action has been satisfied in whole or part" (*McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208). As judgment was rendered in favor of the town against Republic in the amount of $32,601.28 in September, 1981, Republic is entitled to conditional summary judgment against Reissler in the same amount. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.