■ RONALD KOZLOWSKI, Respondent, v GRAMMERCY HOUSE OWNERS CORP., Defendant and Third-Party Plaintiff-

Respondent. NEW INDUSTRIES, INC., Third-Party Defendant-Appellant. [848 NYS2d 338]—

In an action to recover damages for personal injuries, the third-party defendant appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated January 5, 2007, which granted the plaintiff's motion for summary judgment on his Labor Law § 240 cause of action, and (2) an order of the same court, also dated January 5, 2007, which granted that branch of the defendant third-party plaintiff's motion which was for summary judgment on the cause of action for contractual indemnification.

Ordered that the orders are reversed, on the law, with one bill of costs, the motion for summary judgment with respect to the Labor Law § 240 (1) cause of action is denied, and that branch of the defendant third-party plaintiff's motion which was for summary judgment against the third-party defendant with respect to the cause of action for contractual indemnification is denied.

On October 22, 2003 the plaintiff was working for Phillips Painting (hereinafter Phillips) which had been subcontracted by the third-party defendant, New Industries, Inc. (hereinafter New Industries), to perform work on a cooperative apartment building owned by the defendant third-party plaintiff Grammercy House Owners Corp. (hereinafter Grammercy). Philips had been hired to remove wallpaper, prepare walls, and paint trim in the hallways of the subject building. These activities were part of a larger renovation project.

The plaintiff was removing wallpaper when he fell off a ladder and was injured. The plaintiff acknowledged that "[t]he ladder and the feet had all sticky glue all over it from the wallpaper paste. The ladder was very slippery." The plaintiff brought this action against Grammercy alleging common-law negligence and violations of Labor Law §§ 240 and 241. Thereafter, Grammercy brought a third-party complaint against New Industries seeking contractual indemnification.

Contrary to the contention of New Industries, the plaintiff was engaged in protected activities under Labor Law § 240 (1) at the time of the accident (*see Loreto v 376 St. Johns Condominium, Inc.,* 15 AD3d 454 [2005]; *De Oliveira v Little John's*

*Moving,* 289 AD2d 108 [2001]; *Livecchi v Eastman Kodak Co.,* 258 AD2d 916 [1999]; *cf., Schroeder v Kalenak Painting & Paperhanging, Inc.,* 7 NY3d 797 [2006]). Nevertheless, the Supreme Court improperly granted the plaintiff's motion for summary judgment on his Labor Law § 240 (1) cause of action.

A fall from a ladder does not establish liability under Labor Law § 240 (1) unless there is also evidence that the fall was proximately caused by a violation of that statute (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Miro v Plaza Constr. Corp.,* 38 AD3d 454 [2007]). Therefore, "where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (*Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35, 39 [2004]). Here there is an issue of fact as to whether the plaintiff's conduct in allowing the steps and feet of the ladder to become slippery, as a result of the coating of accumulating wallpaper paste, was the sole proximate cause of the accident. Accordingly, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus he was not entitled to summary judgment on his Labor Law § 240 (1) claim (*see Durkin v Long Is. Power Auth.,* 37 AD3d 400 [2007]; *Peritore v Don-Alan Realty Assoc., Inc.,* 18 AD3d 846, 848 [2005]; *Costello v Hapco Realty,* 305 AD2d 445 [2003]).

In light of the above conclusion, and the fact that on the record before us liability in this case is otherwise undetermined, Grammercy's claim for indemnification has not yet even accrued (*see McDermott v City of New York,* 50 NY2d 211 [1980]; *Union Turnpike Assoc., LLC v Getty Realty Corp.,* 27 AD3d 725 [2006]; *Bay Ridge Air Rights v State of New York,* 57 AD2d 237 [1977], *affd* 44 NY2d 49 [1978]; *Krause v American Guar. & Liab. Ins. Co.,* 27 AD2d 353 [1967], *affd* 22 NY2d 147 [1968]). Under such circumstances, that branch of Grammercy's motion which was for summary judgment on its contractual indemnification cause of action should be denied. Santucci, J.P., Krausman, Lifson and Balkin, JJ., concur.