Jones v City of New York (2018 NY Slip Op 07708)





Jones v City of New York


2018 NY Slip Op 07708


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-04306
 (Index No. 5395/09)

[*1]Bobby Jones, et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.


Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Mathew Ross, Judy C. Selmeci, and I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered March 23, 2016. The order denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants City of New York, New York City School Construction Authority, and Leon D. Dematteis Construction Corporation.
ORDERED that the order is affirmed, with costs.
The injured plaintiff was employed as an ironworker by a nonparty subcontractor which was performing work at a construction project at a public high school located in Queens County. The injured plaintiff climbed a "ship's ladders" leading to the roof of the school building in order to replace a missing bolt on that ladder where the top rung met the side of the ladder. As he neared the top of the ladder, the injured plaintiff grabbed hold of the top rung, which came loose, allegedly causing him to fall to the ground and sustain injuries.
The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the owners of the school property, the defendants City of New York and New York City School Construction Authority, and the general contractor of the project, the defendant Leon D. DeMatteis Construction Corporation (hereinafter collectively the defendants), alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The plaintiffs moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against the defendants. The Supreme Court denied the plaintiffs' motion, finding that the defendants raised triable issues of fact. The plaintiffs appeal, and we affirm.
Labor Law § 240(1) requires property owners and general contractors to provide workers performing, inter alia, construction, with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The purpose of the statute is to protect against "gravity-related accidents [such] as falling from a height" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Soto v J. Crew, Inc., 21 NY3d 562, 566; Wilinski v 334 E. [*2]92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). The duty imposed by the statute is nondelegable (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 500). "The single decisive question in determining whether Labor Law § 240(1) is applicable is whether the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Escobar v Safi, 150 AD3d 1081, 1083).
In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries (see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904; Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 866). "Merely because a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by Section 240(1) of the Labor Law'" (Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1090 quoting Scharff v Sachem Cent. School Dist. at Holbrook, 53 AD3d 538, 538).
Here, the plaintiffs failed to establish, prima facie, that there was a violation of Labor Law § 240(1), or that the injured plaintiff's actions were not the sole proximate cause of his injuries (see Robinson v East Med. Ctr., LP, 6 NY3d at 554; Riffo-Velozo v Village of Scarsdale, 68 AD3d 839, 841; Herrnsdorf v Bernard Janowitz Constr. Corp., 67 AD3d 640, 643; Kozlowski v Grammercy House Owners Corp., 46 AD3d 756, 758). In support of their motion, the plaintiffs submitted the injured plaintiff's deposition testimony in which he stated that he fell when the top rung of the ship's ladder, which he knew was missing a bolt and which he had been sent up to the roof to replace, detached while he was in the process of climbing the ladder and after he had attempted to pull himself up by placing his hand on the top rung. The injured plaintiff also testified at his deposition that there were other ladders and pipe scaffolding available to use at the jobsite. Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their Labor Law § 240(1) cause of action, we need not consider the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to "provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Toefer v Long Is. R.R., 4 NY3d 399, 409). "As a predicate to a Labor Law § 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code" (Guallpa v Canarsie Plaza, LLC, 144 AD3d at 1091; see Misicki v Caradonna, 12 NY3d 511, 515).
Here, the plaintiffs assert that they are entitled to summary judgment on their Labor Law § 241(6) cause of action based on violations of Industrial Code (12 NYCRR) § 23-1.21(b)(1) and (3). Although the plaintiffs met their prima facie burden of showing that these provisions were violated, in opposition, the defendants raised triable issues of fact as to whether the ladder was an integral part of the work which was being performed and therefore not subject to the cited regulations (see Lopez v New York City Dept. Of Envtl. Protection, 123 AD3d at 984) and whether the injured plaintiff's conduct was the sole proximate cause of the accident (cf. Eddy v John Hummel Custom Blds., Inc., 147 AD3d 16, 25).
Accordingly, we agree with the Supreme Court's denial of the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court